554 P.2d 904

**The STATE of Arizona, Appellee,**

**v.**

**Angel Junior GONZALES, Appellant.**

**No. I CA–CR 1580.**

Court of Appeals of Arizona,
Division 1.

July 27, 1976.

Rehearing Denied Aug. 31, 1976.

Review Denied Sept. 28, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, and Cleon M. Duke, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Edmund T. Allen III, Deputy Public Defender, Phoenix, for appellant.

OPINION

KRUCKER, Judge.

Appellant was charged with operating a motor vehicle while under the influence of

intoxicating liquor, said offense being committed while his driver's license was suspended, in violation of A.R.S. §§ 28–692 and 28–692.02.

The case was submitted to the court on the basis of the preliminary hearing transcript and the departmental report. Appellant was found not guilty of driving while intoxicated and guilty of driving with a suspended license in violation of A.R.S. § 28–1203. He advances two grounds for reversal:

1. The court erred in not granting his motion to dismiss.

2. The court erred in finding him guilty under A.R.S. § 28–1203.

We find no merit in either argument.

 As to the motion to dismiss for violation of the speedy trial rule, the violation was waived by appellant's failure to timely assert it. *State v. Lee,* 25 Ariz.App. 220, 542 P.2d 413 (1975).

Appellant contends that A.R.S. § 28–692.02 refers only to "a suspension of the type of suspension that is covered in § 28–473." In other words, it is his position that suspension of a driver's license pursuant to the Financial Responsibility Act, A.R.S. § 28–1101, et seq., cannot be the basis for a violation under A.R.S. § 28–692.02. He cites no authority for his position and we reject it. The language of A.R.S. § 28–692.02 makes no distinction as to the basis for suspension of the driver's license and we decline to read into the statute, as appellant would have us do, the requirement that the license had been suspended because of driving violations. The statutory language is clear and expresses a legislative intent to punish more severely persons whose licenses have been suspended, *for whatever reason,* and who drive a vehicle while intoxicated during the suspension period.

Appellant's conviction of an offense different from that with which he was charged was proper if it was an included offense. The test for determining whether an offense is included in another

is whether the offense charged cannot be committed without necessarily committing the included offense. *State v. Thornbrugh,* 24 Ariz.App. 573, 540 P.2d 192 (1975). Appellant's conviction of operating a motor vehicle while his license was suspended meets this test.

Affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).