649 P.2d 714

**JIM CLICK FORD, INC., an Arizona corporation, Plaintiff/Appellee,**

v.

**The CITY OF TUCSON, a body politic and corporate, Defendant/Appellant.**

No. 2 CA–CIV 4306.

Court of Appeals of Arizona, Division 2.

July 22, 1982.

Molloy, Jones, Donahue, Trachta, Childers & Mallamo, P. C. by Earl F. Daniels, III, Tucson, for plaintiff/appellee.

Frederick S. Dean, Tucson City Atty. by Michael G. Wood, Tucson, for defendant/appellant.

OPINION

HOWARD, Chief Judge.

This is an appeal from a granting of a summary judgment in favor of appellee. The facts are not in dispute and only a question of law is involved.

Section 19–91 of the Tucson City Code imposes a business privilege tax on certain business activities. The code sets forth three conditions which must be met before the activity is not taxable. (Sections 19–91(1), (2) and (3).) The transfer of title and possession of the item must occur without the corporate limits of the city, the order for the item must be placed without the corporate limits of the city, and the item must not have been stored, stocked or warehoused within the corporate limits of the city. The issue in this case is whether certain cars delivered to appellee for predelivery servicing were "stored, stocked or warehoused" in the city. We hold they were not and affirm.

The main office of M. M. Sundt Construction Company is located outside the corporate limits of the City of Tucson. Sundt special ordered vehicles and equipment from its main office. The vehicles were shipped by Ford Motor Company from outside the State of Arizona to Sundt stopping en route at Jim Click Ford, Inc. in Tucson, where they remained at most two days for pre-delivery servicing which every vehicle must receive. They were washed, fluid levels were checked, bolts were tightened and general service was provided to secure the

vehicles which were then immediately delivered to Sundt. Transfers of title and possession of the vehicles occurred without the corporate limits of the City of Tucson.

■■■ Two rules of statutory construction are involved here. Tax statutes are to be strictly construed against taxing authorities and any ambiguities are to be resolved in favor of the taxpayer. *Honeywell Information Systems v. Maricopa County*, 118 Ariz. 171, 575 P.2d 801 (App.1978). Words and phrases in statutes shall be given their ordinary meaning unless it appears from context or otherwise that a different meaning is intended. *McIntyre v. Mohave County*, 127 Ariz. 317, 620 P.2d 696 (1980).

The words at issue are defined in Webster's Third New International Dictionary. "To store" means "to leave or deposit in a store, warehouse or other place for keeping, preservation or disposal." "To stock" means to "get or have (as merchandise) in stock." "To warehouse" means "to deposit, store, or secure in a warehouse" or "to put or hold in safekeeping." The equipment was not being held by appellee for safekeeping, or preservation or disposal. The trial court was correct in granting summary judgment to appellee.

Affirmed.

HATHAWAY, J., and JAMES C. CARRUTH, Superior Court Judge, concur.

NOTE: Judge BEN C. BIRDSALL having recused himself in this matter, Judge JAMES C. CARRUTH was called to sit in his stead and participate in the determination of this decision.