675 P.2d 738

**The STATE of Arizona, Appellee,**

v.

**Thomas Armendarez MITCHELL, Appellant.**

**No. 2 CA–CR 3078.**

Court of Appeals of Arizona, Division 2.

Dec. 9, 1983.

Review Denied Jan. 24, 1984.

---

1. *State v. Willits,* 96 Ariz. 184, 393 P.2d 274 (1964).

saw a man's face through her bedroom window. She awakened her husband who went to the kitchen window and saw the same man later identified as appellant, trying to open the kitchen window. He succeeded in doing this. As he attempted to enter the house, Mr. Martinez hit him with a baseball bat. Appellant fled and Mr. Martinez chased him and was able to apprehend him. In the meantime, Mrs. Martinez had called the police. At the time of appellant's arrest, the police found in his possession two screwdrivers, a small open-end wrench and a box cutter. Appellant claimed at his trial that he was disoriented as a result of his diabetes and that he had no intention of stealing anything from the Martinez home.

Appellant's contention on appeal is that the trial court erred in denying his request for a jury instruction on criminal trespass as a lesser included offense of the burglary charge. We find no merit in this contention and affirm.

Rule 23.3, Arizona Rules of Criminal Procedure, 17 A.R.S., states:

"Forms of verdicts shall be submitted to the jury for all offenses necessarily included in the offense charged, an attempt to commit the offense charged or an offense necessarily included therein, if such attempt is an offense. The defendant may not be found guilty of an offense for which no form of verdict has been submitted to the jury."

Whether such an instruction on a lesser-included offense should be given is determined by a two-part test set out in *State v. Celaya*, 135 Ariz. 248, 660 P.2d 849 (1983). The two elements of the test are: (1) Whether the offense is a lesser-included offense of the offense charged and (2) whether the evidence supports giving the instruction for the lesser-included offense.

As court said in *Celaya:*

"To constitute a lesser-included offense, the offense must be composed solely of some but not all of the elements of the greater crime so that it is impossible to have committed the crime

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Gary A. Fadell, Asst. Attys. Gen., Phoenix, for appellee.

K.C. Stanford, Tucson, for appellant.

## OPINION

HOWARD, Chief Judge.

Thomas Mitchell was convicted of one count of burglary in the second degree, a class 3 felony, and one count of possession of burglary tools, a class 6 felony, with two prior felony convictions.

The facts are as follows. Mrs. Rosemary Martinez was awakened in the early morning hours of July 9, 1982, when she

charged without having committed the lesser one. [citations omitted]" 135 Ariz. at 251, 660 P.2d 849.

Once an offense has been shown to be a lesser-included offense then it must also be shown that the facts support giving the instruction. The facts support giving the instruction when, as the court said in *Celaya*, the jury could rationally find that the state has failed to prove an element of the greater offense. That element must be one that is required to convict of the greater but not of the lesser offense and it must necessarily distinguish the greater offense from the lesser.

■ Where this two-part test has been met, Rule 23.3 requires the court to give an instruction on the lesser-included offense. As the court said in *Celaya:*

"Where a defense theory is reasonably supported by the evidence, it is reversible error not to give it, and the court should have submitted forms of verdict covering [the lesser-included offense]. [citations omitted]" 135 Ariz. at 253, 660 P.2d 849. Accord, *State v. Yarbrough*, 131 Ariz. 70, 638 P.2d 737 (App.1981). See *Beck v. Alabama*, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980).

■ The question here then is whether the crime of criminal trespass in the instant case was the lesser-included offense of the charge of burglary in the second degree. In *State v. Malloy*, 131 Ariz. 125, 639 P.2d 315 (1981), the Arizona Supreme Court stated that criminal trespass was not necessarily a lesser-included offense of burglary. Appellant contends that this case is not determinative because in *Malloy* the court was dealing with the charge of burglary in the third degree, A.R.S. § 13–1506, and of second-degree criminal trespass under § 13–1503.[1] In the instant case there is a charge of burglary in the second degree under A.R.S. § 13–1507 and appellant claims that the lesser-included offense instruction should have been under A.R.S. § 13–1504(A)(2).

The statutes at issue are A.R.S. § 13–1504(A)(2), which states:

"A. A person commits criminal trespass in the first degree by knowingly:

\* \* \* \* \* \*

2. Entering any residential yard and, without lawful authority, looking into the residential structure thereon in reckless disregard of infringing on the inhabitant's right of privacy."

and A.R.S. § 13–1507, which states in pertinent part:

"A. A person commits burglary in the second degree by entering or remaining unlawfully in or on a residential structure with the intent to commit any theft or any felony therein."

In *Malloy*, the court held that the word "knowingly" in § 13–1503 required that a defendant be aware of the unlawful nature of his act, an awareness not required for the offense of burglary. Appellant here contends that this analysis is not applicable to § 13–1504(A)(2). While this may be the case, this section of the criminal trespass statute contains an element not contained in the offense of burglary in the second degree, the element of looking into the residential structure.

■ Statutes should be given their ordinary meaning unless it appears from the context or otherwise that a different meaning is intended. *McIntyre v. Mohave County*, 127 Ariz. 317, 620 P.2d 696 (1980); *Ross v. Industrial Commission*, 112 Ariz. 253, 540 P.2d 1234 (1975); *Jim Click Ford, Inc. v. City of Tucson*, 133 Ariz. 97, 649 P.2d 714 (App.1982); A.R.S. § 1–213. A.R.S. § 13–1504(A)(2) specifically addresses itself to persons entering a residential yard and looking into the structure in disregard of the inhabitant's privacy. Clearly this was intended to apply to the situation of a "peeping tom." While the crime of burglary necessarily involves an infringement of the victim's right to privacy, it is

---

1. This statute provides that a person commits criminal trespass in the second degree by: "knowingly entering or remaining unlawfully in

or on a nonresidential structure or in a fenced commercial yard."

not necessary that the perpetrator look into the residential structure in order to complete the crime. This section of the criminal trespass statute is not directed at the act of "casing" a structure prior to breaking and entering and it is not necessary to look into a structure prior to the entry required in § 13–1507. It is conceivable that in many cases looking in would not even be possible. Consequently criminal trespass under § 13–1504(A)(2) is not a lesser-included offense of burglary in the second degree under A.R.S. § 13–1507. As the court said in *State v. Celaya*, supra, the lesser-included offense must be composed solely of the elements of the greater crime. As the additional element of looking into the house exists in § 13–1504(A)(2), it cannot meet the identity of the elements requirement in order to qualify as a lesser-included offense.

Additionally in this case, the evidence given does not support the giving of an instruction for criminal trespass under A.R.S. § 13–1504(A)(2). Appellant admitted that he opened the windows to the victims' home. He never claimed that his intent was merely to peer in and deprive them of their privacy. The issue at trial was whether he had the intent to commit a burglary or a felony inside the residential structure. Since appellant claimed that he was mistaken as to whose home it was, rather than denying the entry, the judge could not instruct on A.R.S. § 13–1504(A)(2).

We affirm.

HATHAWAY and BIRDSALL, JJ., concur.