**IT IS ORDERED** denying Plaintiffs' Motion for Summary Judgment.

**IT IS FURTHER ORDERED** granting Defendants' Cross–Motion for Summary Judgment and awarding Defendants attorneys' fees and costs.

This opinion is not a final, appealable judgment; other orders will follow. *See Devenir Associates v. City of Phoenix,* 169 Ariz. 500, 821 P.2d 161 (1991).

873 P.2d 1314

**KABUTO INTERNATIONAL PHOENIX, INC.**

v.

**ARIZONA DEPARTMENT OF REVENUE; Maricopa County.**

No. TX 92–00974.

Tax Court of Arizona.

May 3, 1994.

John A. Swain, Phoenix, for plaintiff.

Michael L. Kempner, Atty. Gen., Phoenix, Helm & Kyle by John D. Helm, Tempe, for defendant.

## OPINION

SCHAFER, Judge.

The issue in this case is whether a "counterclaim" by a county under A.R.S. § 42-178 is an independent action that may stand on its own when the tax valuation appeal to which it was made is dismissed.

The taxpayer, Kabuto International Phoenix, Inc., owner of the Wigwam Inn, filed this appeal challenging the assessments on its hotel and golf course properties. Maricopa County and the Arizona Department of Revenue answered the appeal, contending that the assessments were correct. Maricopa County also contended that the statute regulating the valuation of golf courses, A.R.S. § 42-146, was unconstitutional. A few weeks later, at the prompting of the parties, the Court issued what amounted to an advisory minute entry informing the parties that it felt section 42-146 was unconstitutional. The County then asked the Court to continue this case on the inactive calendar. Kabuto opposed that and asked that the case be dismissed under Rule 41 of the Arizona Rules of Civil Procedure. The County then moved to amend the answer to the appeal to allow it to counterclaim for an increase in the assessor's valuation (A.R.S. § 42-178).

The Court continued the case on the inactive calendar and denied Kabuto's motion to dismiss under Rule 41. It did not, however, rule on the County's motion to amend the answer. Kabuto then filed a "Motion For Dismissal With Prejudice." It noted that its earlier motion to dismiss did not request that the dismissal be with prejudice and, to clear up any misconception about that prior motion, it was now moving again for dismissal, with prejudice, and also moving to amend the earlier motion to clarify that it too requested a dismissal with prejudice. To make its point even clearer, a week later Kabuto filed a "Notice Of Withdrawal Of Plaintiff's Motion For Dismissal With Prejudice" asking the Court to rule on one of its requests for dismissal. The County (and the Department) opposes dismissal. Its most cogent argument is bound up with its motion to amend—if that motion is granted, then the County has successfully pleaded a self-sustaining claim for an increase (a counterclaim), and no motion to dismiss by the plaintiff should defeat that. The Court believes this case (and its companion case) must be dismissed, even if it were to grant the County's motion to amend. Here is why:

When a taxpayer files a valuation appeal to the Tax Court, A.R.S. § 42-178(C) allows either the named county or the Department of Revenue to "request," in its "response" to the appeal, an increase in the full cash value of the subject property. Section 42-178(C) does not denominate the request or response by the County an appeal, affirmative defense or counterclaim. Nor does the statute define "request" or "response."

The County claims that once a taxpayer files an appeal, section 42-178(C) provides the County with an independent cause of action sufficient to constitute a counterclaim for an increase in the property's valuation. By its arguments the County invites this Court to find that the terms "response" and "request" as used in section 42-178(C) are synonymous with "counterclaim." The Court declines the invitation.

When interpreting a statute, this Court will examine the language to be interpreted. When that language expresses a clear unequivocal standard, the Court will interpret the statute accordingly, and look no further for guidance. *Rio Rico Properties v. Santa Cruz County,* 172 Ariz. 80, 834 P.2d 166 (Tax 1992). Unless the context of the statute requires otherwise, terms should be given their ordinary meaning. *State Tax Commission v. Peck,* 106 Ariz. 394, 476 P.2d 849 (1970); *see also Jim Click Ford, Inc. v. City of Tucson,* 133 Ariz. 97, 649 P.2d 714 (App.1982).

The term "response" means nothing more than "[a]n answer, a reply." *The Compact Edition of the Oxford English Dictionary* 2514 (1971). "Request" means "to express a wish or desire to have." *Id.* at 2503. Thus, by the plain language of the statute, the County is simply allowed to answer or reply to the taxpayer's appeal and to express its desire to have the full cash value increased.

On the other hand,

"[a] counterclaim is a purely statutory remedy and was not known to the common

law. The term is a general and comprehensive one and may be defined as a cause of action in favor of defendant upon which he might have sued the plaintiff and recovered judgment in a separate action."

*Valley Gin Co. v. McCarthy,* 56 Ariz. 181, 187, 106 P.2d 504, 507 (1940). It is an independent claim. *Id.* Clearly, section 42–178(C) cannot be read to grant the County an independent claim for an increase in value. Until the legislature provides the County with a statutory right to appeal a value to this Court or provides a specific statutory basis for a counterclaim, the County has no independent counterclaim. The County cannot transform its request for a higher value into a counterclaim simply by calling it a "counterclaim."

In view of this ruling, the Court denies the County's request for an expedited pretrial conference. The Court will not issue its minute entry of November 12, 1993 as an opinion. And the Court declines to impose conditions [see Rule 41(a)(2)] upon the dismissal of Kabuto's appeal.

## CONCLUSION

The County's motion to amend its answer to include a "counterclaim" is denied. Even if this Court were to grant the County's motion, it would still grant Kabuto's motion to dismiss the action with prejudice and dismiss this entire action (complaint and "counterclaim") because, once the complaint is dismissed, the "counterclaim" cannot stand on its own.

**IT IS ORDERED** denying the County's motion to amend its answer to the complaint.

**IT IS ORDERED** granting Kabuto's motion to dismiss with prejudice.

**IT IS ORDERED** dismissing this action (complaint and "counterclaim") with prejudice.

This opinion is not a final, appealable judgment; other orders will follow. *See Devenir Associates v. City of Phoenix,* 169 Ariz. 500, 821 P.2d 161 (1991).