986 P.2d 239

**STATE of Arizona, Appellee,**

v.

**Gary Frederick BROWN, Appellant.**

**No. 1 CA–CR 98–0622.**

Court of Appeals of Arizona, Division 1, Department C.

June 22, 1999.

Janet A. Napolitano, Attorney General by Paul J. McMurdie, Chief Counsel Criminal Appeals Section and J.D. Nielsen, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by Christopher V. Johns, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

LANKFORD, Judge.

¶ 1  Defendant Gary Frederick Brown appeals from his conviction for driving under the influence of intoxicating liquor on a suspended license ("aggravated DUI") in violation of former Arizona Revised Statutes Annotated ("A.R.S.") section 28–697(A) (Supp. 1997) (current version at A.R.S. section 28–1383 (Supp.1998)).  Brown contends that the trial court both erred by not instructing the jury on the lesser-included offense of driving on a suspended license and abused its discretion by denying his motion for a mistrial based on improper contact by a witness with members of the jury.  We reject these contentions and affirm.

¶ 2  Shortly after 1:00 a.m. on July 13, 1997, Officers Sharp and Berry of the Phoenix Police Department observed a pickup truck turn into a parking lot off Bethany Home Road. The truck squealed its tires, jerkily stopped and started, and ran over several low-standing planters before coming to a complete stop.  When the officers approached the truck, they found Brown slumped over the wheel and smelling of alcohol.  He declined to perform any field sobriety tests or take an intoxilyzer test.  Brown possessed a driver's license that had expired in 1981.

¶ 3  After it was determined that Brown's driver's license had been suspended, he was charged with aggravated DUI. A jury found Brown guilty as charged.  The trial court suspended imposition of sentence and placed Brown on probation for five years with the requirement that he serve four months in jail as a term of his probation.

¶ 4  Brown timely appealed.  We have jurisdiction pursuant to A.R.S. sections 12–120.21(A)(1) (1992), 13–4031 (1989), and 13–4033 (Supp.1998).

¶ 5  The first issue is whether the trial court properly declined to instruct the jury on driving on a suspended license as a lesser-included offense of aggravated DUI.  The jury must be instructed on all lesser-included offenses supported by the evidence.  See Ariz. R.Crim. P. 23.3; State v. Nieto, 186 Ariz. 449, 456, 924 P.2d 453, 460 (App.1996).

The test for whether an offense is "lesser-included" is whether it is, by its very nature, always a constituent part of the greater offense, or whether the charging document describes the lesser offense even though it does not always make up a constituent part of the greater offense.  Stated another way, "a court may inquire as to whether the greater offense, as described by a statute or as charged, can be commit-

ted without necessarily committing the lesser offense."

*State v. Chabolla–Hinojosa,* 192 Ariz. 360, 363, 965 P.2d 94, 97 (App.1998) (citation omitted) (quoting *State v. Ennis,* 142 Ariz. 311, 314, 689 P.2d 570, 573 (App.1984)), *review denied* (Oct. 22, 1998); *see also State v. Gooch,* 139 Ariz. 365, 366–67, 678 P.2d 946, 947–48 (1984) (enunciating test for lesser-included offense).

¶ 6   The trial court correctly declined to instruct the jury on driving on a suspended license as a lesser-included offense. Driving on a suspended license is not an inherent constituent part of aggravated DUI.[1] The elements for driving on a suspended license are: (1) driving a motor vehicle; (2) on a public highway in this state; (3) when the privilege to drive has been suspended. *See* A.R.S. § 28–473 (Supp.1997) (current version at A.R.S. § 28–3473 (Supp. 1998)).[2] Unlike this offense, aggravated DUI does not require proof of actual driving; it is sufficient for the State to prove that the defendant was in "actual physical control" of a vehicle. A.R.S. §§ 28–697(A), 28–692; *see also State v. Love,* 182 Ariz. 324, 326, 897 P.2d 626, 628 (1995) (stating factors to be considered include whether engine running, ignition turned on, and where key is located); *State v. Vermuele,* 160 Ariz. 295, 296, 772 P.2d 1148, 1149 (App.1989) (holding person can be convicted even if the engine has not been started).

¶ 7 ·  Moreover, unlike the offense of driving on a suspended license, aggravated DUI does not require that the State establish that the offense occurred on a public highway. A person can commit aggravated DUI anywhere within the state, even on private property. *See Allen v. Girard,* 155 Ariz. 134, 137, 745 P.2d 192, 195 (App.1987). Because driving on a suspended license has two statutory elements that are not necessary for a conviction for aggravated DUI in violation of A.R.S. section 28–697(A)(1), it is not a lesser-included offense as an inherent constituent part of the greater offense.

¶ 8   Nor is the offense of driving on a suspended license a lesser-included offense based on the charging document. The information filed by the county attorney tracked the language of A.R.S. sections 28–692 and 28–697, stating:

> GARY FREDRICK [sic] BROWN, on or about the 13th day of July, 1997, drove or was in actual physical control of a vehicle, while under the influence of intoxicating liquor, any drug, a vapor releasing substance containing a toxic substance or any combination of liquor, drugs or vapor releasing substance, while his driver's license was suspended, canceled, revoked or refused, or restricted as a result of violating [section] 28–692 or [section] 28–694....

This charge is not limited to driving on a public highway. Thus, Brown can be convicted of the offense as charged without necessarily being guilty of driving on a suspended license.

¶ 9   Brown's reliance on *State v. Gonzales,* 27 Ariz.App. 308, 554 P.2d 904 (1976), is unavailing. In *Gonzales,* the defendant was found guilty of driving on a suspended li-

---

1. Aggravated DUI is defined in A.R.S. section 28–697(A)(1) as follows:

   A.   A person is guilty of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs if the person does ... the following:
   1.   Commits a violation of [section] 28–692 or this section while the person's driver's license or privilege to drive is suspended, canceled, revoked or refused, or the person's driver's license or privilege to drive is restricted as a result of violating [section] 28–692 or under [section] 28–694.

   A.R.S. section 28–692 (Supp.1997) (current version at A.R.S. section 28–1381 (Supp.1998)), referred to in the above-quoted provision, reads in pertinent part:

   A.   It is unlawful for any person to drive or be in actual physical control of any vehicle within this state under any of the following circumstances:
   1.   While under the influence of intoxicating liquor, any drug, a vapor releasing substance containing a toxic substance or any combination of liquor, drugs or vapor releasing substances if the person is impaired to the slightest degree.

2. A.R.S. section 28–473(A) provides, in pertinent part:

   A.   [A]ny person who drives a motor vehicle on a public highway within this state at a time when his privilege so to do is suspended ... is guilty of a class 1 misdemeanor.

cense after being tried for a violation under A.R.S. section 28–692.02 (Supp.1991) (current version at A.R.S. section 28–1383 (Supp. 1998)). This was the predecessor statute to aggravated DUI under A.R.S. section 28–697. The court rejected the defendant's claim that he was improperly convicted of the uncharged lesser offense because it met the test for being an included offense. *See Gonzales*, 27 Ariz.App. at 309, 554 P.2d at 905. The appeal focused on what type of suspension would support a charge of aggravated DUI. *See id.* After resolving that issue, the *Gonzales* court concluded that driving on a suspended license was a lesser-included offense without any further analysis of the other elements of the charge. *See id.* If this conclusion were based on a finding that all of the elements of the lesser offense were described in the charging document, it is consistent with our conclusion. If the *Gonzales* court intended to hold that driving on a suspended license is always a lesser-included offense of aggravated DUI, we disagree for the reasons set forth above.

¶ 10 We also reject Brown's claim that a lesser-included offense instruction should have been given based on the evidence presented at trial. He argues that the evidence reveals that he operated his vehicle on a public highway. Because it is the charging document and not the evidence that determines the issue, the evidence does not alter our conclusion that such an instruction was properly refused in this case. *See State v. Politte*, 136 Ariz. 117, 121, 664 P.2d 661, 665 (App.1982) (holding defendant not entitled to instruction on uncharged offense even though he might have been charged and convicted of the offense).

¶ 11 The second issue on appeal is whether the trial court erred in denying his motion for a mistrial. Brown based his motion on the bailiff's report that Officer Berry had spoken with several jurors outside the courtroom during a recess. Upon learning of the incident, the trial court questioned each of the jurors involved. The jurors reported the officer had asked for change for a dollar to make a phone call, joked about a prize on a candy wrapper, and commented about being at the courthouse regarding a divorce.

When the trial court inquired whether this contact with the officer would affect their ability to render a fair and impartial verdict, each of the jurors assured the trial court that it would not. Although the trial court found the officer's actions to be highly improper, the court concluded that a mistrial was not required because defendant was not prejudiced.

¶ 12 The court did not abuse its discretion. "Jurors and witnesses should avoid any contact or conversation during trial." *State v. Lang*, 176 Ariz. 475, 482, 862 P.2d 235, 242 (App.1993). However, such contact is not grounds for a mistrial in the absence of a showing that the misconduct was prejudicial or that prejudice can be fairly presumed. *See State v. Jones*, 185 Ariz. 471, 484, 917 P.2d 200, 213 (1996). The trial court is "in the best position to determine whether a particular incident calls for a mistrial." *State v. Koch*, 138 Ariz. 99, 101, 673 P.2d 297, 299 (1983). Accordingly, "we will not overturn a trial court's decision to grant or deny a new trial because of ... improper contact with the jury absent a clear abuse of discretion." *Jones*, 185 Ariz. at 484, 917 P.2d at 213.

¶ 13 The trial court carefully inquired into possible prejudice. It questioned each of the four jurors who had contact with Officer Berry. While there were some discrepancies regarding what was said by the officer, the jurors consistently responded that the conversation never touched on any issues related to the trial. Each juror also assured the court that the conversation would not affect their decision. Nothing in the circumstances of this case leads to a conclusion that prejudice should be presumed. *But cf. Marino v. Vasquez*, 812 F.2d 499, 504–07 (9th Cir.1987) (presuming prejudice from misconduct when there is a reasonable possibility that the misconduct could affect the verdict); *State v. Lang*, 176 Ariz. at 479–84, 862 P.2d at 239–44 (presuming prejudice when detective engaged in repeated acts of fraternization with jurors). The court reasonably found that, while improper, the officer's contact with the jurors did not prejudice defendant. *See State v. Garcia*, 141 Ariz. 580, 583, 688 P.2d 206, 209 (App.1984). We find no

abuse of discretion in the denial of the motion for mistrial.

¶ 14   Defendant's conviction is affirmed.[3]

CONCURRING: SUSAN A. EHRLICH, Presiding Judge, and PHILIP E. TOCI, Chief Judge.

---

**3.**  We have not reviewed the record for fundamental error because such review is no longer required.  *See State v. Smith,* 184 Ariz. 456, 460, 910 P.2d 1, 5 (1996).