11 P.3d 1066

**In re VICTORIA K.**

**No. 1 CA–JV 99–0218.**

Court of Appeals of Arizona,
Division 1, Department B.

Oct. 24, 2000.

As Amended Oct. 27, and Nov. 7, 2000.

Janet Napolitano, Attorney General By Paul J. McMurdie, Chief Counsel, Criminal Appeals Section and Richard M. Romley, Maricopa County Attorney By Patricia A. Nigro, Deputy County Attorney, Phoenix, for Appellee.

Jeffrey M. Zurbriggen, P.C. By Jeffrey Zurbriggen, Tempe, for Appellant.

## OPINION

SULT, Judge.

¶ 1 The juvenile, Victoria K., appeals from an adjudication of delinquency for providing false information to a police officer. Because we find that the juvenile court erred in adjudicating the juvenile for an offense that was not charged and was not a lesser-included offense of the crime that was charged, we vacate the adjudication and remand with directions to enter a judgment of acquittal.

## BACKGROUND

¶ 2 In December 1998, Tempe Police Detective Allen Reed was conducting a murder investigation involving two persons who were shot in a Tempe park. One victim lived long enough to identify the assailant as a man named David Wiser. Reed learned that Wiser was the boyfriend of the juvenile's older

sister, and in the course of his investigation, Reed spoke with Kathy T., the juvenile's mother. Mrs. T. reported that the juvenile said she had been with Wiser on the night of the murders and that Wiser did not commit them.

¶ 3 Reed telephoned the juvenile to verify her statement. The juvenile told Reed that she had been at a friend's house with Wiser on the night of the murders watching movies from about 6:00 p.m. to 1:00 a.m. She stated that Wiser had not been out of her sight except when she had gone to the bathroom. Reed asked if it were possible for Wiser to have slipped out of the house before 11:00 p.m., which was about the time the murders occurred, and then to have returned. The juvenile responded "no." Reed accused the juvenile of lying and threatened to arrest her, but the juvenile insisted she was telling the truth. Wiser eventually confessed to the murders.

¶ 4 The state filed a petition alleging that the juvenile had hindered prosecution in violation of Arizona Revised Statutes Annotated ("A.R.S.") sections 13–2510 and 13–2512 (1989). The juvenile moved to suppress the telephonic conversation with Reed and during the course of the hearing on the motion, the juvenile court opined that the only way for the state to prove the hindering charge was by showing that the juvenile hindered prosecution by "deception" pursuant to A.R.S. section 13–2510(4).

¶ 5 The court found the statement admissible and thereafter conducted the adjudication hearing. The juvenile testified that on the night of the murders she "wasn't really paying attention," but she did not believe Wiser had left. The juvenile further testified she did not intend to mislead the detective.

¶ 6 The court concluded that the state had not proven hindering prosecution beyond a reasonable doubt. On its own motion and without either party seeking an amendment to the petition, the court adjudicated the juvenile delinquent of providing false information to a police officer in violation of A.R.S. section 13–2907.01 (1989). The juve-

nile's counsel objected on the grounds that false reporting is not a lesser-included offense of hindering prosecution, and that neither party had moved the court to amend the petition to charge false reporting. The court overruled the objection, finding that an amendment was not necessary because, in the court's opinion, false reporting was a lesser-included offense of hindering prosecution by deception as charged in the petition. The court placed the juvenile on probation, and the juvenile timely appealed.

## ISSUES

¶ 7 The juvenile first asserts that because false reporting is not a lesser-included offense of hindering prosecution by deception, her adjudication cannot stand unless the juvenile court's action can alternatively be justified as a permissible substantive amendment to the petition under Rule 4(B) of the Arizona Rules of Procedure for the Juvenile Court. However, she contends this alternative basis does not provide that justification because the juvenile court did not comply with the rule's requirement that she be given additional time to meet the new allegation.[1]

## ANALYSIS

¶ 8 The juvenile's argument that false reporting is not a lesser-included offense of hindering prosecution is resolved by applying the comparative analysis of elements test to the two offenses. The juvenile's second argument is not as readily disposed of, however, because both the juvenile's argument and the state's response are based on an outdated version of Rule 4(B). The rule was amended in significant part in 1997, and our discussion necessarily incorporates the amended version, resulting in an analysis different from that presented by the parties. We begin with the lesser-included offense issue.

### False Reporting as a Lesser–Included Offense

¶ 9 The test for whether a particular crime is a lesser-included offense of another crime is

---

1. The juvenile also raises an insufficiency of the evidence argument that we need not address, given our resolution of the principal issues.

whether it is, by its very nature, always a constituent part of the greater offense, or whether the charging document describes the lesser offense even though it does not always make up a constituent part of the greater offense. *State v. Brown*, 195 Ariz. 206, 207–08, ¶ 5, 986 P.2d 239, 240–41 (App.1999); *see State v. Gooch*, 139 Ariz. 365, 366–67, 678 P.2d 946, 947–48 (1984). Using this approach, the first step is to comparatively analyze the elements of the respective statutes.

¶ 10 A person commits the offense of hindering prosecution if (1) with the intent to hinder the apprehension, prosecution, conviction or punishment of another person for (2) any felony, (3) the person renders assistance to the other person. A.R.S. § 13–2512(A). A person renders assistance by knowingly:

1. Harboring or concealing the other person; or
2. Warning the other person of impending discovery, apprehension, prosecution or conviction; or
3. Providing the other person with money, transportation, a weapon, a disguise or other similar means of avoiding discovery, apprehension, prosecution or conviction; or
4. Preventing or obstructing by means of force, deception or intimidation anyone from performing an act that might aid in the discovery, apprehension, prosecution or conviction of the other person; or
5. Suppressing by an act of concealment, alteration or destruction any physical evidence that might aid in the discovery, apprehension, prosecution or conviction of the other person; or
6. Concealing the identity of the other person.

A.R.S § 13–2510(1)–(6).

¶ 11 A person commits the offense of false reporting by (1) knowingly making to a law enforcement agency, (2) a false, fraudulent or unfounded report or statement or a knowing misrepresentation of a fact, (3) for the purpose of interfering with the orderly operation of a law enforcement agency or misleading a peace officer. A.R.S. § 13–2907.01(A).

¶ 12 The conduct described by the false reporting statute consists essentially of the communication of a falsehood to a law enforcement agency. The conduct that can constitute hindering prosecution, on the other hand, is of a much greater variety. Examples include hiding another person, warning him of impending discovery, or hiding physical evidence. None of these acts involves communicating information to a law enforcement agency. Thus, false reporting is not, "by its very nature, always a constituent part" of hindering prosecution. *See Brown*, 195 Ariz. at 207–08, ¶ 5, 986 P.2d at 240–41.

¶ 13 Because false reporting does not always fit within hindering prosecution using the statutory elements test, we turn to the second test, namely whether false reporting is a lesser-included of hindering prosecution as the latter was charged in this case. The petition filed by the county attorney alleged:

> [The juvenile], on or about the 12th day of July, 1999, while at or near 120 E. 5th Street, in the city of Tempe, Maricopa County, Arizona, with intent to hinder the apprehension, prosecution, conviction, or punishment of David Wiser for Murder . . . rendered assistance to David Wiser by knowingly preventing or obstructing by means of force, deception, or intimidation, a person from performing an act that might aid in the discovery, apprehension, prosecution, or conviction of David Wiser. . . .

¶ 14 The juvenile court focused on the "deception" aspect of the charge, concluding that false reporting was a lesser-included offense of this type of hindering. We agree that upon a comparison of these allegations with the offense of false reporting, it appears that if one commits hindering by deception, one must necessarily also commit false reporting. At the least, there is sufficient similarity to trigger an analysis.

¶ 15 In beginning this analysis, we first note the principle that for one offense to be included within another, greater offense, the greater must have all the elements of the lesser plus at least one additional element. *See State v. Tims*, 143 Ariz. 196, 198, 693

P.2d 333, 335 (1985). It is this additional element that permits the greater to house the lesser and gives the greater its inclusive effect, and consequently its name. *State v. Woods,* 168 Ariz. 543, 545, 815 P.2d 912, 914 (App.1991).

¶ 16 We are unable to find an element of hindering prosecution by deception that we consider "additional" to the elements of false reporting. Both require the defendant to knowingly act falsely to another in order to impede the processes of justice. Although one act may violate both statutes, it does not follow that one must be a lesser of the other. If there is no additional element in hindering prosecution by deception, and we conclude that there is not, then false reporting cannot be a lesser-included offense of that crime.

¶ 17 Another relevant principle we must consider is that a lesser-included offense must be composed solely of the elements of the greater. *State v. Celaya,* 135 Ariz. 248, 251, 660 P.2d 849, 852 (1983); *State v. Mitchell,* 138 Ariz. 478, 480–81, 675 P.2d 738, 740–41 (App.1983). Thus, it is not enough to satisfy the test that the greater offense cannot be committed without necessarily committing the lesser. It must also be shown that the lesser cannot be committed without always satisfying the corresponding elements of the greater. *Mitchell,* 138 Ariz. at 480–81, 675 P.2d at 740–41.

¶ 18 *Mitchell* provides an example of this principle. In that case, the defendant argued that first-degree criminal trespass committed by entering a residential yard without authority and looking into the residential structure thereon in reckless disregard of the inhabitant's privacy was a lesser offense of the principal charge of second-degree, or "residential" burglary. *Id.* at 480–81, 675 P.2d at 740–41. The *Mitchell* court disagreed, noting that such a burglary was completed without the necessity of showing that the perpetrator looked into the residential structure. *Id.* However, this element of "looking in" was necessary for the crime of trespass, meaning that the offense asserted to be the lesser-included in fact had an element not contained in the greater, thereby violating the *Celaya* rule that the lesser must

be composed *solely* of elements of the greater. *Id.*

¶ 19 Our case is similar to *Mitchell.* The crime of false reporting can be committed by an act of deception engaged in either for the benefit of another or for the benefit of the actor. That is, one can commit false reporting whether the false statement or false representation relates to oneself or relates to another person. Hindering prosecution, on the other hand, is committed only if the act of deception is engaged in for the benefit of another; that is that crime *always* requires that the statement or representation relate to another person. The result is that false reporting can be committed without necessarily committing the corresponding elements of hindering prosecution by deception. Thus, the former as a lesser-included of the latter fails the *Celaya* requirement that the elements of the lesser must be composed solely of the elements of the greater.

### Rule 4(B) Amendment

¶ 20 The juvenile acknowledges that even if false reporting is not a lesser-included offense of hindering prosecution by deception, her adjudication may nevertheless stand if the juvenile court had the authority to amend the petition to charge a different offense, and properly exercised that authority. The juvenile submits the following version of Rule 4(B) as the version applicable to the issue: "[A] petition may be amended by order of the court at any time on its own motion or in response to the motion of any interested party before an adjudication; provided the parties are notified and granted sufficient time to meet the new allegations." In citing this version, the juvenile concedes the juvenile court's authority to amend but asserts procedural error in that the court failed to grant any time to the juvenile to meet the new allegation. In response, the state merely argues that even assuming the juvenile court erred as alleged, the juvenile has failed to show any prejudice from the error.

¶ 21 The juvenile's argument, and the state's response, are rendered irrelevant by the 1997 amendment to Rule 4(B). As part of a comprehensive revision of the Rules

of Procedure for the Juvenile Court, our supreme court amended Rule 4(B) to delete the phrase "on its own motion." Read literally, the amendment to the rule appears to strip the juvenile court of its authority to do what the judge in this case did, namely make a *sua sponte* substantive amendment to the charge in a juvenile petition. The question before us is how Rule 4(B) should be applied in light of this amendment. In interpreting the amended rule, we will employ the tools of statutory construction. *See State v. Baca*, 187 Ariz. 61, 63, 926 P.2d 528, 530 (App.1996) (we construe rules of court using the same methods as are employed in construing statutes).

¶ 22 When interpreting a rule of court, we are seeking to ascertain the intent of the framers. *Id.; see State v. Bible*, 175 Ariz. 549, 580, 858 P.2d 1152, 1183 (1993) (stating that when construing a rule that the supreme court has amended, we must rely on the text of the rule as well as the supreme court's intent in amending the rule). On occasion, consideration of the background and history of the amending process is helpful in ascertaining that intent. *City of Mesa v. Killingsworth*, 96 Ariz. 290, 295, 394 P.2d 410, 413 (1964). Such is the case here.

¶ 23 In 1996, Arizona voters approved Proposition 102, variously known as the "Juvenile Justice Initiative" and the "Stop Juvenile Crime Initiative." *See* Ariz. Const. art. 6, § 15 (effective as amended Dec. 6, 1996). This measure divested the juvenile court of its exclusive original jurisdiction over juvenile offenders and vested the legislature with more authority over juvenile offenses and offenders. The amendment and its implementing legislation removed much of the discretion over juvenile cases that the juvenile court had previously enjoyed. *See generally* Brenda Gordon, Note, *A Criminal's Justice or a Child's Injustice? Trends in the Waiver of Juvenile Court Jurisdiction and the Flaws in the Arizona Response*, 41 Ariz. L.Rev. 193, 210–15 (1999).

¶ 24 A response to Proposition 102 and Senate Bill 1446, its implementing legislation, came from the Committee on Juvenile Courts. Pursuant to Rule 28(A), Rules of the Supreme Court, and in order to comply with the letter and spirit of the constitutional and statutory changes, the Committee filed its "Petition for Adoption of Amendments to Arizona Rules of Procedure for the Juvenile Court." [2] The petition undertook to amend or revise numerous juvenile rules, including Rule 4(B). The Committee specifically commented regarding the amendment to Rule 4(B) that it "reflects a change by allowing amendments to be made to the substantive allegations in a petition *only by an interested party upon motion.*" Petition for Adoption of Amendments at p. 9 (emphasis added). The supreme court adopted the proposed amendments and revisions on July 7, 1997, with an effective date of July 21, 1997.

¶ 25 When the Arizona Supreme Court modifies the language of a rule, a presumption exists that a change in the existing rule was intended. *See State v. Averyt*, 179 Ariz. 123, 128, 876 P.2d 1158, 1163 (App. 1994) (applying presumption to legislative amendments to statutes). This interpretive presumption takes on added significance when considered in light of the history of Rule 4(B). In our opinion, that history makes the presumption mandatory in this case and the language of the amended rule compels the conclusion that the change the supreme court intended was that juvenile courts shall no longer have the power *sua sponte* to amend delinquency petitions to charge a different offense.[3]

### CONCLUSION

¶ 26 Because false reporting is not a lesser-included offense of hindering prosecution by deception, the juvenile court erred in adjudicating the juvenile delinquent of false reporting. The juvenile court's adjudication

**2.** The petition was filed with the Arizona Supreme Court on June 20, 1997, and is located with the clerk of that court.

**3.** We emphasize that this conclusion does not change the rule that the court may adjudicate an offender for an offense that is necessarily included in the principal charge. *See, e.g., Maricopa County Juvenile Action No. J–75755*, 111 Ariz. 103, 105–06, 523 P.2d 1304, 1306–07 (1974).

cannot alternatively be upheld as a permissible amendment of the petition under Rule 4(B). We therefore vacate the adjudication of delinquency and remand this matter to the juvenile court with directions to enter a judgment of acquittal.

CONCURRING: PHILIP E. TOCI, Presiding Judge, and SHELDON H. WEISBERG, Judge.

