210 P.3d 1253

**STATE of Arizona, Appellee,**

v.

**Mario GONZALEZ, Appellant.**

No. 1 CA–CR 07–0923.

Court of Appeals of Arizona, Division 1, Department B.

April 28, 2009.

Terry Goddard, Attorney General By Kent E. Cattani, Chief Counsel, Criminal Appeals/Capital Litigation Section, and Michael

T. O'Toole, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Dana P. Hlavac, Mohave County Public Defender, By Jill L. Evans, Deputy Public Defender, Kingman, Attorneys for Appellant.

## OPINION

THOMPSON, Presiding Judge.

¶ 1 Mario Gonzalez (appellant) appeals his conviction and sentence for unlawful flight from a law enforcement vehicle. He argues that the trial court fundamentally erred in failing to instruct the jury on a lesser-included offense. For the reasons that follow, we find no error and affirm.[1]

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 The evidence, viewed in the light most favorable to upholding the jury's verdict,[2] was as follows. While on patrol on a weekday morning, Bullhead City Police Officer A. observed that a vehicle that had previously arrived at the four-way stop at Clearwater and Marina Drive failed to make its turn before he did, arousing his suspicion. As Officer A. turned his patrol car left onto Marina Drive in front of the vehicle, the driver slouched in his seat and put his hand up to cover his face. Officer A. and his passenger, Corporal G., immediately recognized appellant, and they knew from prior traffic stops that he was driving on a suspended license.

¶ 3 Officer A. made a U-turn, turned on the overhead emergency lights in his fully marked patrol vehicle, and proceeded to attempt to make a traffic stop. Instead of stopping for the patrol car, however, appellant completed his left-hand turn onto Clearwater Drive, and, without signaling, made a quick right-hand turn onto Harbor Drive, cutting the corner onto the unpaved portion of the road. The officer, with his patrol car emergency lights still activated, accelerated to get around the corner onto Harbor Drive, and, as appellant was making a left turn onto Diamond Drive, again cutting the corner, the

officer turned on his siren. Appellant still failed to stop, and instead continued to drive down Diamond Drive for about six hundred feet, past fourteen residential lots, before parking across the street from his residence. The officer testified that he did not know if either vehicle exceeded the speed limit of twenty-five miles per hour during the pursuit, and he believed that the pursuit lasted "a minute or less." The officer described Diamond Drive as a "very narrow" street, with vehicles parked on both sides, but testified that "[t]here's probably numerous places he could have stopped, even if it would have been on the roadway."

¶ 4 Appellant exited his vehicle at the officer's command, but failed to fully comply with the officer's order to bend over the hood of the vehicle. Appellant kept trying to get up, all the while "threatening to kick [the officer's] ass and things of that nature." Appellant later told Corporal G. that "he didn't want to stop because he thought we were going to tow the vehicle and it belonged to somebody else."

¶ 5 The jury convicted appellant of unlawful flight. The trial judge found that appellant had three historical prior felony convictions. The judge sentenced appellant to the minimum sentence of three years in prison. The judge subsequently granted appellant's petition for post-conviction relief, requesting the right to file a delayed appeal. Appellant filed a notice of appeal within the twenty days allowed by the minute entry order.

## DISCUSSION

¶ 6 Appellant argues that the trial court fundamentally erred in failing to instruct the jury on the offense of failure to obey an officer pursuant to Arizona Revised Statutes (A.R.S.) § 28–622 (2005), as a lesser-included offense of unlawful flight from a law enforcement vehicle pursuant to A.R.S. § 28–622.01 (2005).

¶ 7 Before trial started, the trial court noted that counsel had discussed whether failure to obey a traffic officer was a lesser-

---

1. In a separate memorandum decision we address appellant's other arguments.

2. See State v. Moody, 208 Ariz. 424, 435 n. 1, ¶ 2, 94 P.3d 1119, 1130 n. 1 (2004).

included offense of unlawful flight, and suggested that "that's something that we can at least be thinking about between now and the end of the trial, which will come fairly soon." At that time, appellant's counsel remarked, "I guess it's not necessarily a lesser included. I don't know." Appellant's counsel did not raise the issue again when given the opportunity, and, when asked if she had any comments on the record with respect to the final instructions, she said they were "fine." Because appellant did not object to the trial court's failure to instruct the jury on the offense of failure to obey a traffic officer, we review his claim for fundamental error only. *See State v. Henderson,* 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005). Appellant thus bears the burden of establishing error, that the error was fundamental, and that the error caused him prejudice. *See id.* at ¶ 20.

■■■ ¶ 8 We find no error, much less fundamental error. A lesser-included offense is an offense "composed solely of some but not all of the elements of the greater crime so that it is impossible to have committed the crime charged without having committed the lesser one." *State v. Celaya,* 135 Ariz. 248, 251, 660 P.2d 849, 852 (1983). In determining whether an offense is a lesser-included offense, we consider whether the alleged lesser offense "is, by its very nature, always a constituent part of the greater offense, or whether the charging document describes the lesser offense even though it does not always make up a constituent part of the greater offense." *State v. Brown,* 195 Ariz. 206, 207, ¶ 5, 986 P.2d 239, 240 (App. 1999) (quoting *State v. Chabolla–Hinojosa,* 192 Ariz. 360, 363, ¶ 12, 965 P.2d 94, 97 (App.1998)). A defendant is not entitled to an instruction on an uncharged offense that does not qualify as a lesser-included offense, even if he might have been charged and convicted of the offense. *State v. Politte,* 136 Ariz. 117, 121, 664 P.2d 661, 665 (App.1982).

¶ 9 In this case, the charging document tracked the language of A.R.S. § 28–622.01, alleging simply that appellant "willfully fled

or attempted to elude a pursuing official law enforcement vehicle." We thus need consider only whether the offense outlined in A.R.S. § 28–622 "is, by its very nature, always a constituent part of the greater offense." *See Brown,* 195 Ariz. at 207, ¶ 5, 986 P.2d at 240. Felony unlawful flight pursuant to A.R.S. § 28–622.01 requires proof that: (1) a driver of a motor vehicle (2) wilfully (3) fled or attempted to elude (4) a pursuing official law enforcement vehicle (5) that was appropriately marked (6) with its lights flashing and its siren activated as reasonably necessary. The misdemeanor offense of failure to obey a traffic officer pursuant to A.R.S. § 28–622, on the other hand, requires proof that: (1) a person (2) wilfully (3) failed or refused to comply with (4) any lawful order or direction (5) of a police officer invested by law with authority to direct, control or regulate traffic. A.R.S. § 28–622.

¶ 10 The misdemeanor offense of failure to obey has two elements not included in the felony offense of unlawful flight, and thus is not a lesser-included offense. The misdemeanor offense requires that "a police officer invested by law with authority to direct, control or regulate traffic" issue "any lawful order or direction." *See* A.R.S. § 28–622. The felony offense requires only that an "appropriately marked ... official law enforcement vehicle" pursuing a driver exhibit flashing lights and a siren as reasonably necessary.[3] *See* A.R.S. §§ 28–622.01, 28–624(C). Under the unlawful flight statute, the officer need not explicitly issue an order or direction, or have the authority to direct, control, or regulate traffic. *See id.; State v. Nelson,* 146 Ariz. 246, 250, 705 P.2d 486, 490 (App.1985) (holding that the unlawful flight statute "applies to any and all law enforcement vehicles pursuing a motor vehicle," even those from other states).

¶ 11 Although a previous panel of this court, in a case relied upon by appellant, appears to have assumed *arguendo* that A.R.S. § 28–622 was a lesser-included offense of A.R.S. § 28–622.01, it did not explic-

---

3. We note that a panel of Division Two of this court has held that, depending on the circumstances, exhibition of lights and siren by the pursuing vehicle are not necessarily required to support a conviction for unlawful flight. *In re Joel R.,* 200 Ariz. 512, 514, ¶ 8, 29 P.3d 287, 289 (App.2001).

itly reach this issue, and does not stand for that proposition. *See State v. Gendron,* 166 Ariz. 562, 565–66, 804 P.2d 95, 98–99 (App. 1991) (holding that failure to instruct on the former offense was not error because it was undisputed that defendant failed to stop when pursued, and because his defense was justification, if he was guilty, he could only "be guilty of the offense charged and no other"), *vacated in other part by State v. Gendron,* 168 Ariz. 153, 812 P.2d 626 (1991). Based on our analysis, we hold that the misdemeanor offense of failure to comply is not a lesser-included offense of unlawful flight, and thus it was not error, much less fundamental error, for the judge to fail to instruct the jury on the former offense.

## CONCLUSION

¶ 12 For the reasons stated in this opinion and the concurrent memorandum decision, we affirm appellant's conviction and sentence.

CONCURRING: DONN KESSLER, Judge and MARGARET H. DOWNIE, Judge.