874 P.2d 973

**STATE of Arizona, Appellee,**

v.

**Alonso Edwardo MAGANA, Appellant.**

**No. 1 CA–CR 92–1420.**

Court of Appeals of Arizona,
Division 1, Department A.

Feb. 22, 1994.

Review Denied June 1, 1994.

Grant Woods, the Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals Section, and John Pressley Todd, Asst. Atty. Gen., Phoenix, for appellee.

John C. Williams, Prescott, for appellant.

## OPINION

GARBARINO, Judge.

The defendant, Alonso Edwardo Magana, appeals from his conviction and sentence for one count of negligent homicide. Because we find that the trial court erred in refusing to give the defendant's requested instruction on the lesser included offense of reckless driving, we reverse and remand for a new trial.

## BACKGROUND

This case arises out of a fatal traffic accident. The defendant was driving north on a two-lane road near Bullhead City. There was heavy traffic traveling in both directions. The defendant started to pass a long line of cars, driving approximately 88 miles per hour (mph) in a 45 mph zone. Because of oncoming traffic, he had to pull back into the northbound lane. In doing so, the jury found that he bumped the victim's car, which was in front of him in the northbound lane. The victim's car crossed the centerline and was hit by two southbound trucks. The victim died shortly after the accident from cardiovascular shock. The medical examiner could not rule out the possibility that she died of a heart attack just prior to the collision.

The defendant was indicted on one count of murder in the second degree, a dangerous class 1 dangerous felony. Following a jury trial, he was found guilty of one count of negligent homicide, a class 4 dangerous offense, and was sentenced to the minimum term of four years of imprisonment. The defendant timely appealed.

## ISSUES

The defendant raises the following two issues on appeal:

1. Whether the trial court erred in refusing to give the defendant's requested jury instruction on the lesser included offense of reckless driving, and

2. Whether, based on the fact that this case arose out of a traffic violation, the crime of negligent homicide was properly enhanced with an allegation of dangerousness based on the defendant's use of the automobile.

## DISCUSSION

■ The defendant first argues that the trial court erred in refusing to give his requested jury instruction that reckless driving was a lesser included offense of the second-degree murder charge. We agree.

■ To determine whether a lesser included offense instruction is warranted, the reviewing court may consider two bases: (1) whether by its very nature the included offense is always a constituent part of the greater offense, or (2) whether the terms of the charging document describe the lesser offense even though the lesser offense would not always form a constituent part of the major offense. *State v. Gooch,* 139 Ariz. 365, 366, 678 P.2d 946, 947 (1984).

Here, the crime charged was second-degree murder. The statutory elements of the second-degree murder offense as charged were that the defendant, without premeditation, caused the death of another under circumstances manifesting extreme indifference to human life by recklessly engaging in conduct which created a grave risk of death. *See* A.R.S. § 13–1104(A). A person commits reckless driving by driving any vehicle in reckless disregard for the safety of persons or property. A.R.S. § 28–693(A). Because recklessly driving an automobile is but one of many ways to commit second-degree murder, reckless driving by its very nature is not always a constituent part of the greater offense.

We, therefore, look to the charging document to determine whether it describes the lesser offense of reckless driving. The felony indictment against the defendant reads as follows:

> On or about the 3rd day of May, 1991, in the vicinity of Milepost 240.9 on Highway 95 in Bullhead City, Mohave County, Arizona, said defendant, Alonso Ed Magana, without premeditation, and under circumstances manifesting extreme indifference to human life, recklessly engaged in conduct which created a grave risk of death, and thereby caused the death of [the victim], all in violation of A.R.S. §§ 13–1104, 13–1101, 13–604, 13–701, and 13–801, a dangerous Class 1 Felony.

The dissent would have the trial court disregard the fact that an automobile was the instrumentality involved because it was not referred to in the indictment. It is safe to assume that the State knew that an automobile was involved. It would be error to deny the defendant's request for a lesser-included offense instruction because the State, for whatever reason, omitted the designation of the instrument used in the commission of the crime.

Although the indictment does not refer to the use of a specific deadly weapon or dangerous instrument in the commission of the crime, it does refer to Highway 95 near milepost 240.9 as the location where the crime was committed. Nothing in the language of the indictment indicates that an instrument other than the automobile was involved in the commission of the crime. Common sense tells us that the indictment must be read in the light of the facts known by both parties. *See State v. Self,* 135 Ariz. 374, 380, 661 P.2d 224, 230 (App.1983). The Arizona Rules of Criminal Procedure provide that nothing more is required than that the indictment shall be a plain, concise statement of the facts sufficiently definite to inform the defendant of the offense charged. Ariz. R.Crim.P. 13.2(a). The comment to the rule contains the following:

> The charging document need not contain allegations of time, place, value, price, ownership, intent, means of commission, nor need it characterize the commission of the offense as "willful" or "felonious," except where necessary to give adequate notice of the charges.

Here, the indictment clearly sets forth the charge of second-degree murder. A fair reading of Rule 13.2(c) mandates that the trial court instruct the jury on all lesser offenses necessarily included in the charge of second-degree murder. It would be specious to disregard the lesser-included offense of reckless driving because the indictment failed to mention the word "automobile."

Applying this analysis to the facts of this case, we find that the trial court erred in refusing to give the reckless driving instruction, and we reverse and remand for a new trial. Because we reverse the case on the first issue, we decline to decide the remaining issue.

GRANT, J., concurs.

WEISBERG, Presiding Judge, dissenting.

For the following reasons, I would affirm the trial court and therefore respectfully dissent from the majority opinion.

The majority holds that the charging document implies that an automobile was involved in the offense and, therefore, that defendant was entitled to a lesser included offense instruction on reckless driving. The majority relies, in part, on the fact that the indictment refers to a highway and milepost. Such references do not necessarily imply the use of an automobile; they merely are a practical method for describing location in rural areas. An indictment charging a person with a crime involving the use of a weapon might also contain a similar geographic description. I do not believe that the charging document itself necessarily implies any specific dangerous instrument.

I further disagree with the majority's position that this court should read the indictment in light of the known facts of this case. This court has held that an analysis of the facts of a given case is inappropriate when determining the appropriateness of a lesser included instruction. *State v. Teran*, 130 Ariz. 277, 279, 635 P.2d 870, 872 (App.1981) (rejecting evidentiary test). A defendant is entitled to a lesser included offense instruction only if "(1) the included offense is by its very nature always a constituent part of the major offense charged; or (2) *the terms of the charging document* describe the lesser offense even though the lesser offense would not always form a constituent part of the major offense charged." *State v. Caudillo*, 124 Ariz. 410, 411, 604 P.2d 1121, 1122 (1980) (emphasis added). The first condition clearly is not met; reckless driving is not always a constituent part of second-degree murder. Because I believe that *Caudillo* limits this court to the consideration of the terms of the charging document, I also conclude that the second condition is not met; the indictment does not include any reference to the use of an automobile and therefore does not describe reckless driving. I therefore would hold that defendant is not entitled to the lesser included offense instruction.

As the majority notes, an indictment must give notice of the charges against a defendant. Although a factual analysis might be useful in determining the sufficiency of an indictment, the sufficiency of the indictment in this case is not at issue. Factual analysis is inappropriate when considering appropriate lesser included offense instructions. *Teran*, 130 Ariz. at 279, 635 P.2d at 872.

Next, defendant argues that his use of an automobile should not be used to enhance his sentence pursuant to A.R.S. section 13–604(F), which enhances sentences for offenses committed with a dangerous instrument. He cites *State v. Orduno*, 159 Ariz. 564, 769 P.2d 1010 (1989), as support for his position. *Orduno*, however, is limited to prohibiting the use of an automobile as an enhancement circumstance in driving under the influence cases. *See id.* at 566, 769 P.2d at 1012; *see also State v. Lara*, 171 Ariz. 282, 284, 830 P.2d 803, 805 (1992). The Arizona Supreme Court based its prohibition partly on the fact that use of an automobile is necessarily an included element of driving under the influence. *Id.* 159 Ariz. at 567, 769 P.2d at 1013. In the instant case, use of an automobile, or any dangerous instrument for that matter, is not *necessarily* an included element of second-degree murder. *See State v. Olsen*, 157 Ariz. 603, 605, 760 P.2d 603, 605 (App.1988). *Orduno*, therefore, does not apply. I would hold that defendant's sentence was appropriately enhanced because of his use of a deadly instrument. *See Lara*, 171 Ariz. at 285, 830 P.2d at 806 (reaffirming *State v. Bly*, 127 Ariz. 370, 372–73, 621 P.2d 279, 281–82 (1980) (approving use of an element of a crime as an enhancement circumstance)).

Because I would hold that the trial court appropriately refused the requested lesser included offense instruction and correctly enhanced defendant's sentence based on his use of a deadly instrument, I would affirm. Therefore, I respectfully dissent.