IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

THE STATE OF ARIZONA,            )
                                 )        2 CA-CR 2005-0014
                    Appellee,    )        DEPARTMENT A
                                 )
            v.                   )        O P I N I O N
                                 )
JAMES ALBERT ROBLES,             )
                                 )
                    Appellant.   )
                                 )

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20040413

Honorable Michael J. Cruikshank, Judge

AFFIRMED

Terry Goddard, Arizona Attorney General
  By Randall M. Howe and Alan L. Amann                                    Tucson
                                                            Attorneys for Appellee

Robert J. Hooker, Pima County Public Defender
  By Nancy F. Jones                                                       Tucson
                                                           Attorneys for Appellant

P E L A N D E R, Chief Judge.

**¶1**        After a jury trial, appellant James Albert Robles was convicted of aggravated

driving under the influence (DUI) while his license was suspended or revoked and aggravated

driving with a blood alcohol concentration (BAC) of .08 of more while his license was

suspended or revoked. After finding that Robles had two prior felony convictions, the trial court sentenced him to enhanced, mitigated, and concurrent prison terms of eight years on each count. Robles raises three issues on appeal, none of which merits reversal.

**BACKGROUND**

¶2 We view the facts in the light most favorable to sustaining the convictions. *See State v. Riley*, 196 Ariz. 40, ¶ 2, 992 P.2d 1135, 1137 (App. 1999). In August 2003, a Tucson police officer stopped Robles for speeding. When Robles rolled down the window of his vehicle, the officer noticed "a heavy odor of alcoholic beverage c[oming] from the inside." Upon speaking with Robles, the officer also smelled alcohol on Robles's breath and noticed his eyes were watery and bloodshot and his speech was slurred. Robles failed to produce a driver's license. When the officer asked Robles to get out of his vehicle, he was "unstable" on his feet and refused to perform field sobriety tests. The officer arrested Robles and, "through a computer check," determined Robles's license had been suspended. Subsequent testing of Robles's breath showed his BAC was at .264 and .256.

¶3 Pursuant to A.R.S. § 13-604, the state alleged at the commencement of the case that Robles had two prior felony convictions in Pima County cause numbers CR-52129 and CR-45738, both for aggravated DUI while his license was suspended or revoked. The trial court held a bench trial ("priors trial") on those allegations several weeks after the jury returned its verdicts. Without objection, the state offered and the trial court admitted into evidence a certified copy of a record abstract ("pen pack") from the Arizona Department of Corrections (DOC). That exhibit included a "prior conviction record" that contained

2

identifying information for Robles and reflected his prior convictions in the two Pima County cases referred to above. The state also presented expert testimony on Robles's fingerprints, identifying him as the person convicted in the two other causes. The trial court found the state had proved "beyond a reasonable doubt" that Robles had two historical prior felony convictions and, as noted earlier, imposed an enhanced, mitigated sentence on each of the convictions in this case.[1] This appeal followed.

## DISCUSSION

### I. Lesser-included-offense instruction

¶4 Robles first argues the trial court erred by refusing his request to instruct the jury that driving on a suspended license is a lesser-included offense of aggravated DUI on a suspended license. "The decision to refuse a jury instruction is within the trial court's discretion, and this court will not reverse it absent a clear abuse of that discretion." *State v. Bolton*, 182 Ariz. 290, 309, 896 P.2d 830, 849 (1995). "An error of law committed in reaching a discretionary conclusion may, however, constitute an abuse of discretion." *State v. Wall*, 212 Ariz. 1, ¶ 12, 126 P.3d 148, 150 (2006).

¶5 A jury must be instructed on lesser-included offenses if such an instruction is requested and supported by the evidence. *Id.* ¶ 13; *see also State v. Detrich*, 178 Ariz. 380, 383, 873 P.2d 1302, 1305 (1994); Ariz. R. Crim. P. 23.3, cmt., 17 A.R.S. "The test for

---

[1]Although the trial court found beyond a reasonable doubt that Robles had the prior convictions, we note that the applicable standard of proof of prior convictions for sentence enhancement purposes is clear and convincing evidence. *State v. Cons*, 208 Ariz. 409, ¶ 15, 94 P.3d 609, 615 (App. 2004).

whether an offense is 'lesser-included' is whether it is, by its very nature, always a constituent part of the greater offense, or whether the charging document describes the lesser offense even though it does not always make up a constituent part of the greater offense." *State v. Chabolla-Hinojosa*, 192 Ariz. 360, ¶ 12, 965 P.2d 94, 97 (App. 1998); *see also State v. Gooch*, 139 Ariz. 365, 366-67, 678 P.2d 946, 947-48 (1984); *State v. Magana*, 178 Ariz. 416, 418, 874 P.2d 973, 975 (App. 1994).

**¶6**        "Driving on a suspended license is not an inherent constituent part of aggravated DUI." *State v. Brown*, 195 Ariz. 206, ¶ 6, 986 P.2d 239, 241 (App. 1999). The offense of driving on a suspended license consists of "driv[ing] a motor vehicle on a public highway when the person's privilege to drive a motor vehicle is suspended, revoked, canceled or refused or when the person is disqualified from driving." A.R.S. § 28-3473(A). In contrast, one commits aggravated DUI by either driving or "be[ing] in actual physical control of a vehicle in this state . . . [w]hile under the influence of," inter alia, "any drug," § 28-1381(A)(1), when "the person's driver['s] license or privilege to drive is suspended, canceled, revoked or refused." § 28-1383(A)(1). Because one can commit aggravated DUI merely by being in "actual physical control" of a vehicle or while on a non-public roadway, that crime can be committed without necessarily committing the offense of driving on a suspended license. *See Chabolla-Hinojosa*, 192 Ariz. 360, ¶¶ 11-12, 965 P.2d at 97; *see also Brown*, 195 Ariz. 206, ¶ 5, 986 P.2d at 240-41.

**¶7**        We also must consider, however, "whether the charging document describes the lesser offense." *Brown*, 195 Ariz. 206, ¶ 5, 986 P.2d at 240. The indictment charged

4

Robles with driving or being "in actual physical control of a vehicle while under the influence of intoxicating liquor [or] any drug . . . while his driver['s] license or privilege to drive was suspended." Based on that charge, Robles could have been convicted of merely having been in actual physical control of the vehicle, rather than having driven it. Therefore, we agree with the state that the crime of aggravated DUI, as charged in the indictment, did not "necessarily subsume[] the offense of driving on a suspended license."

¶8          Citing *Magana*, Robles maintains that "[t]he indictment must be read in light of the facts known to the parties." Even were we to agree with *Magana*, *see* 178 Ariz. at 419, 874 P.2d at 976 (Weisberg, P.J., dissenting), Robles's reliance on it for this proposition is misplaced. The *Magana* court stated that "[c]ommon sense tells us that the indictment must be read in the light of the facts known by both parties." 178 Ariz. at 418, 874 P.2d at 975. *Magana*, however, addressed whether reckless driving was a lesser-included offense of second-degree murder and, as Division One of this court later noted, "the language of the indictment [in *Magana*] implied that an automobile was used in committing the offense." *State v. Sucharew*, 205 Ariz. 16, ¶ 35, 66 P.3d 59, 69 (App. 2003). Thus, the *Magana* court apparently based its decision on the clear import of the indictment itself, finding that the use of an automobile was implicit in its language. 178 Ariz. at 418, 874 P.2d at 975 ("Although the indictment does not refer to the use of a specific deadly weapon or dangerous instrument in the commission of the crime, it does refer to Highway 95 near milepost 240.9 as the location where the crime was committed.").

5

**¶9** Here, in contrast, "the indictment . . . made no reference, direct or implied," to facts that necessarily imply Robles could not have committed the charged offense without also having committed the lesser offense. *Sucharew*, 205 Ariz. 16, ¶ 35, 66 P.3d at 69. We therefore decline to extend *Magana*'s "common sense" language to encompass or mandate consideration of all facts ultimately contained in the record in determining whether a lesser-included-offense instruction was required. *See Brown*, 195 Ariz. 206, ¶ 10, 986 P.2d at 242 ("[I]t is the charging document and not the evidence that determines the issue."); *State v. Teran*, 130 Ariz. 277, 279, 635 P.2d 870, 872 (App. 1981) ("The test which determines the appropriateness of a lesser included instruction and verdict form by an analysis of the facts of a given case, i.e., the evidentiary test . . . is not followed in Arizona."); *see also State v. Laffoon*, 125 Ariz. 484, 487, 610 P.2d 1045, 1048 (1980) ("Often facts may support another lesser conviction but if not charged in the indictment, the lesser offense may not be found.").

**¶10** Citing *State v. Gonzales*, 27 Ariz. App. 308, 554 P.2d 904 (1976), Robles also argues there is "a split of authority as to whether driving on a suspended license is a lesser-included [offense] of aggravated driving while intoxicated on a suspended license," and he urges us to follow *Gonzales*. In that case, the court affirmed Gonzales's conviction of driving on a suspended license as a lesser-included offense of the charged offense—aggravated DUI on a suspended license—stating without elaboration, the "offense charged [could not] be committed without necessarily committing the included offense." *Id*. at 309, 554 P.2d at 905. If that conclusion was based on the particular charging

6

language in the indictment in that case, we agree. But, as Division One of this court stated in *Brown*, "[i]f the *Gonzales* court intended to hold that driving on a suspended license is always a lesser-included offense of aggravated DUI, we disagree." 195 Ariz. 206, ¶ 9, 986 P.2d at 242. Accordingly, *Gonzales* does not compel reversal here, and we find no clear abuse of discretion in the trial court's refusal to give Robles's requested instruction. *See Bolton*, 182 Ariz. at 309, 896 P.2d at 849.

## II. Sufficiency of evidence to prove prior convictions

**¶11** Robles next argues "[t]he allegation of prior convictions was not proven by sufficient evidence, resulting in fundamental error" and requiring that his enhanced sentences "be vacated, and the case remanded to the trial court for resentencing as a first offender." Citing *State v. Hauss*, 140 Ariz. 230, 681 P.2d 382 (1984), and *State v. Cons*, 208 Ariz. 409, 94 P.3d 609 (App. 2004), he argues "a certified copy of the conviction" is required to establish a prior conviction unless the state shows that it was unable to obtain that document despite diligent efforts or the defendant admits the prior conviction. Because the state made no such showing here and he did not admit the prior convictions, Robles maintains the state's evidence was insufficient to prove he had been previously convicted.

**¶12** Robles, however, did not object on this basis below.[2] Accordingly, he has forfeited any right to appellate relief absent fundamental, prejudicial error. *See State v.*

---

[2]At the trial on prior convictions, Robles only argued that, because the fingerprints included in the pen pack were taken after his conviction in cause number 45738, "the only prior conviction that th[e] pen-pack prove[d] [was] . . . 052129."

*Henderson*, 210 Ariz. 561, ¶¶ 19, 20, 115 P.3d 601, 607 (2005); *State v. Martinez*, 210 Ariz. 578, n.2, 115 P.3d 618, 620 n.2 (2005). Fundamental error is "'error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial.'" *Henderson*, 210 Ariz. 561, ¶ 19, 115 P.3d at 607, *quoting State v. Hunter*, 142 Ariz. 88, 90, 688 P.2d 980, 982 (1984). "To prevail under this standard of review, a defendant must establish both that fundamental error exists and that the error in his case caused him prejudice." *Id.* ¶ 20.

¶13     "Before we may engage in a fundamental error analysis, however, we must first find that the trial court committed some error." *State v. Lavers*, 168 Ariz. 376, 385, 814 P.2d 333, 342 (1991); *see also Henderson*, 210 Ariz. 561, ¶ 23, 115 P.3d at 608. As explained below, we find no error, let alone fundamental error, here.

¶14     In *Hauss*, the prior convictions used to enhance the defendant's sentences were proved by a probation officer's testimony. 140 Ariz. at 230-31, 681 P.2d at 382-83. Our supreme court affirmed the sentencing enhancement but disapproved the method used to prove the prior convictions. *Id.* at 231-32, 681 P.2d at 383-84. The court stated, "subject to two very limited exceptions,"[3] "'[t]he proper procedure to establish the prior conviction is for the state to offer in evidence a certified copy of the conviction . . . and establish the

---

[3]Those exceptions are (1) when a defendant admits a prior conviction "while testifying in court," or (2) when the state "show[s] that its earnest and diligent attempts to procure the necessary documentation were unsuccessful for reasons beyond its control and that the evidence introduced in its stead is highly reliable." *State v. Hauss*, 140 Ariz. 230, 231, 681 P.2d 382, 383 (1984). Neither exception applies or was urged by the state here.

defendant as the person to whom the document refers.'" *Id*. at 231, 681 P.2d at 383 (alteration in *Hauss*), *quoting State v. Lee*, 114 Ariz. 101, 105, 559 P.2d 657, 661 (1976).

¶15        That holding, however, must be viewed in context.  As the court in *Hauss* also stated, "[t]hough this Court has emphasized the importance of documentary evidence in order to prove prior convictions, we have not mandated its introduction as we now do." 140 Ariz. at 231, 681 P.2d at 383 (citations omitted).  Thus, the focus in *Hauss* was on the need for reliable documentary evidence, rather than merely testimonial evidence (with its potential "credibility contests" and "unfair[ness] to defendants"), to substantiate the fact of a prior conviction. *Id*.  But in this case, without any objection by Robles, the state presented uncontroverted documentary evidence to prove his prior convictions.  When, as here, the trial court's finding of prior convictions is primarily based on such documentary evidence, the concerns expressed in *Hauss* about "non-documentary evidence [being] offered to establish the fact of a prior conviction" are dissipated. *Id*. at 232, 681 P.2d at 384.[4]

¶16        Although the preferred method of proving prior convictions for sentence-enhancement purposes is submission of certified conviction documents bearing the defendant's fingerprints, *see Cons*, 208 Ariz. 409, ¶ 16, 94 P.3d at 615, courts may consider other kinds of evidence as well.  As our supreme court has stated, "[i]n *State v. Nash*, 143

---

[4]We note that, had Robles made a *Hauss*-based, contemporaneous objection at either the priors trial or later at sentencing, the state might well have either offered an explanation as to why a certified copy of the prior convictions was unavailable or taken steps to secure and produce those documents, perhaps after obtaining a brief recess.  It is also notable that Robles has not claimed, either below or on appeal, that he is not the person who was convicted in Pima County cause numbers CR-52129 and CR-45738.

Ariz. 392, 694 P.2d 222 (1985), *cert. denied*, 471 U.S. 1143, 105 S. Ct. 2689, 86 L. Ed. 2d 706 (1985), this court held that the state may prove prior convictions by evidence other than a certified judgment of conviction." *State v. White*, 160 Ariz. 24, 28, 770 P.2d 328, 332 (1989). And, the court in *Nash* accepted a commitment record as sufficient proof of the defendant's prior conviction. 143 Ariz. at 403, 694 P.2d at 233; *see also State v. Baca*, 102 Ariz. 83, 87, 425 P.2d 108, 112 (1967) (certified prison records which contained an accompanying fingerprint card adequate proof of prior convictions).

¶17 Robles argues that *Nash* is distinguishable from *Hauss* because Nash committed his crime and was sentenced before *Hauss* was decided. But the result in *Nash* was not based on those procedural facts, our supreme court has continued to follow *Nash*, and we are bound by its decisions. *State v. Smyers*, 207 Ariz. 314, n.4, 86 P.3d 370, 374 n.4 (2004) ("courts of this state are bound by the decisions of" Arizona Supreme Court); *see White*, 160 Ariz. at 28, 770 P.2d at 332 (applying *Nash*); *see also State v. Van Adams*, 194 Ariz. 408, ¶¶ 37, 36, 984 P.2d 16, 27 (1999) (court approved finding of prior conviction when "state introduced a certified copy of California's Disposition of Arrest and Court Action" because "[t]he state can make that showing through the use of extrinsic evidence, *including* 'a certified copy of a judgment of conviction.'") (emphasis added), *quoting Nash*, 143 Ariz. at 403, 694 P.2d at 233; *State v. Hurley*, 154 Ariz. 124, 132, 741 P.2d 257, 265 (1987) (without specifying which documents were required, but finding a presentence report insufficient, court stated, "to prove prior convictions, the state must offer in evidence a certified copy of the documents establishing the conviction"); *State v. Avila*, 147 Ariz. 330,

338-39, 710 P.2d 440, 448-49 (1985) ("documents . . . from the Department of Corrections' file on the defendant" sufficient to prove crime committed while defendant was on release status); *State v. Richards*, 166 Ariz. 576, 579, 804 P.2d 109, 112 (App. 1990) (same as *Hurley*). In sum, relying on the certified copy of the DOC documents showing Robles's prior convictions as well as testimony that linked those records to him, the trial court had sufficient evidence before it to find he had prior convictions.

### III. Jury trial on prior convictions

¶18 Robles lastly argues he "was denied his constitutional right to a jury trial on the allegation of prior convictions." Again, Robles did not object on this ground below, so we review only for fundamental, prejudicial error. *See Henderson*, 210 Ariz. 561, ¶ 19, 115 P.3d at 607; *Martinez*, 210 Ariz. 578, n.2, 115 P.3d at 620 n.2.

¶19 Citing *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), Robles asserts "[t]he failure to have a jury find the sentencing allegation [of prior convictions] beyond a reasonable doubt resulted in a denial of Due Process." But in *State v. Keith*, 211 Ariz. 436, ¶ 3, 122 P.3d 229, 229-30 (App. 2005), this court explicitly rejected that argument, holding that a criminal defendant is not entitled to a jury trial on an allegation of prior convictions for sentencing purposes. *See Blakely v. Washington*, 542 U.S. 296, 301, 124 S. Ct. 2531, 2536 (2004); *see also Apprendi*, 530 U.S. at 490, 120 S. Ct. at 2362-63; *accord United States v. Quintana-Quintana*, 383 F.3d 1052, 1053 (9th Cir. 2004); *Martinez*, 210 Ariz. 578, ¶ 26, 115 P.3d at 625. Accordingly, the trial court did not err,

11

fundamentally or otherwise, in failing to convene sua sponte a jury trial on the state's allegation of prior convictions for sentencing purposes.

## DISPOSITION

¶20    Robles's sentences and convictions are affirmed.


_____
JOHN PELANDER, Chief Judge

CONCURRING:


_____
JOSEPH W. HOWARD, Presiding Judge


_____
GARYE L. VÁSQUEZ, Judge