NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

PRINCESS MARGO GILMORE, *Appellant.*

No. 1 CA-CR 20-0491
FILED 8-10-2021

Appeal from the Superior Court in Maricopa County
No. CR2017-001211-001
The Honorable Timothy J. Ryan, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joshua C. Smith
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mikel Steinfeld
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge Maria Elena Cruz joined.

**B A I L E Y**, Judge:

¶1        Princess Margo Gilmore appeals her conviction and sentence for negligent homicide. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        In 2016 Gilmore ran a red light and crashed into another car, killing a passenger in that car.  A grand jury indicted Gilmore on charges of manslaughter and endangerment.  During trial, the superior court granted the State's request for a negligent homicide jury instruction as a lesser-included offense of manslaughter.  During jury deliberations, Gilmore requested two additional jury instructions: reckless driving and causing serious physical injury or death by a moving violation.  The superior court denied the requests, reasoning that those crimes were not necessarily-included offenses of manslaughter.  The jury convicted Gilmore of negligent homicide and acquitted her of endangerment.  The court sentenced Gilmore to a term of imprisonment.  Gilmore timely appeals.

## DISCUSSION

¶3        Gilmore argues that the superior court erred by denying her request to instruct the jury on a lesser-included offense—causing serious physical injury or death by a moving violation. *See* A.R.S. § 28-672(A)(1). We review the denial of a requested jury instruction for an abuse of discretion. *State v. Wall*, 212 Ariz. 1, 3, ¶ 12 (2006).

¶4        "An offense is lesser included when the greater offense cannot be committed without necessarily committing the lesser offense." *Id.* at ¶ 14 (internal quotation marks and citation omitted). If requested, the superior court must instruct the jury on a necessarily-included offense when it is determined to be lesser-included and the evidence is sufficient to support giving the instruction. *Id.*

¶5        To determine whether an offense is a lesser-included offense, we may apply two tests: (1) the elements test; and (2) the charging document test. *See State v. Gooch*, 139 Ariz. 365, 366-67 (1984).  Because Gilmore concedes that causing serious physical injury or death by a moving violation is not a lesser-included offense of manslaughter under the elements test, we consider only whether the superior court abused its discretion by denying Gilmore's request under the charging document test. Under the charging document test, we determine "whether the charging document describes the lesser offense even though it does not always make

up a constituent part of the greater offense." *State v. Chabolla–Hinojosa*, 192 Ariz. 360, 363, ¶ 12 (App. 1998).

**¶6**　　　The prosecution's theory was that Gilmore recklessly caused the victim's death by running the red light. Gilmore argues the court should have instructed the jury on causing death by a moving violation, *see* A.R.S. § 28-672(A)(1), because she ran a red light, *see* A.R.S. § 28-645(A)(3)(a).

**¶7**　　　Gilmore's argument does not survive the charging document test because the indictment does not describe the offense of causing serious physical injury or death by a moving violation. Instead, the indictment simply tracked the language of A.R.S. § 13-1103(A)(1):

> PRINCESS MARGO GILMORE, aka PRINCESS RIDGNAL, aka TASHA SMITH, aka TASHAH SMITHE, on or about July 14, 2016, recklessly did cause the death of [A.Z.], in violation of A.R.S. §§ 13-1101, 13-1103, 28-3001, 28-3004, 28-3005, 28-3315, 13-701, 13-702, and 13-801.

> The State further alleges that the offense charged in this count is a dangerous felony because the offense involved the discharge, use, or threatening exhibition of a motor vehicle, a deadly weapon or dangerous instrument and/or the intentional or knowing infliction of serious physical injury upon [A.Z.], in violation of A.R.S. §§ 13-105 and 13-704.

**¶8**　　　The indictment does not refer directly or impliedly to a red-light violation, or to any moving violation. *See State v. Sucharew*, 205 Ariz. 16, 26, ¶ 35 (App. 2003) (affirming denial of lesser-included instruction of reckless driving when the indictment "made no reference, direct or implied, to the use of an automobile in the causing of death"). As charged here, the greater offense of manslaughter may be committed without committing a moving violation.

**¶9**　　　Nevertheless, Gilmore argues that the lesser offense is implied here because the indictment refers to Title 28 and mentions the use of a motor vehicle. *See State v. Magana*, 178 Ariz. 416, 418 (App. 1994) (determining that language in the indictment implicitly supported a lesser-included instruction). Her argument is unavailing. The references to Title 28 in the indictment concern driver's license suspensions and general definitions. They do not set out facts that describe another offense. *See State v. Garcia*, 176 Ariz. 231, 234 (App. 1993) (finding that citations in the charging document did not set out facts that "alter[ed] the substance of the

crime charged"). Although the indictment mentions the use of a motor vehicle, it does so only in alleging the offense was dangerous.

¶10        Gilmore further contends that the record evidence supported her request for the lesser-included instruction. However, this argument has been repeatedly rejected. *State v. Laffoon*, 125 Ariz. 484, 487 (1980) ("Often facts may support another lesser conviction but if not charged in the indictment, the lesser offense may not be found."); *State v. Robles*, 213 Ariz. 268, 271, ¶ 9 (App. 2006) (declining to extend language in case law "to encompass or mandate consideration of all facts ultimately contained in the record in determining whether a lesser-included-offense instruction was required"); *State v. Brown*, 195 Ariz. 206, 209, ¶ 10 (App. 1999) ("[I]t is the charging document and not the evidence that determines the issue . . . ."); *State v. Teran*, 130 Ariz. 277, 279 (App. 1981) ("The test which determines the appropriateness of a lesser included instruction and verdict form by an analysis of the facts of a given case, i.e., the evidentiary test . . . is not followed in Arizona."); *see also* Ariz. R. Crim. P. 13.1(a) (indictment must state "facts sufficiently definite to inform the defendant of a charged offense").

¶11        Finally, Gilmore claims that the due process clause and the unanimous jury requirement of the Arizona Constitution impliedly guarantee her right to a jury instruction for a lesser-related offense. As shown above, however, the offense of causing death by a moving violation was not a lesser-included offense of manslaughter, the offense with which Gilmore was charged.

¶12        For all these reasons, the superior court did not abuse its discretion by denying the lesser-included jury instruction.

## CONCLUSION

¶13        We affirm Gilmore's conviction and sentence for negligent homicide.

