NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

CASANDRA DONNELLE OLIVIER, *Appellant*.

No. 1 CA-CR 22-0294
FILED 3-7-2023

Appeal from the Superior Court in Yavapai County
No. V1300CR202080064
The Honorable Debra R. Phelan, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Bain & Lauritano, P.L.C., Glendale
By Sheri M. Lauritano
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge Daniel J. Kiley joined.

---

**C R U Z**, Judge:

¶1  This appeal was filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Casandra Donnelle Olivier has advised this Court that counsel found no arguable questions of law and asks us to search the record for fundamental error. Olivier appeals her convictions and sentences for one count of possession of dangerous drugs for sale, a class 2 felony ("count 1"), and one count of possession of drug paraphernalia, a class 6 felony ("count 2"). She does not appeal her conviction and sentence on a charge of failure to appear in the first degree. After reviewing the record, we affirm Olivier's convictions and sentences.

## FACTUAL AND PROCEDURAL HISTORY

¶2  We review the facts in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Olivier. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3  In January 2020, after an informant reported methamphetamine was being sold at Olivier's father's trailer, a Yavapai County Sheriff's Office Deputy, together with the Camp Verde Marshall's Office, obtained and executed a search warrant at that location. One detective found a safe in the trailer containing approximately one ounce of methamphetamine divided into sellable quantities: three baggies containing one sixteenth of an ounce of methamphetamine and seven baggies containing one eighth of an ounce of methamphetamine. The detectives also located methamphetamine in a kitchen cabinet and found drug paraphernalia for methamphetamine use including spoons, unused sandwich bags, and pipes and a scale with residue.

¶4  Olivier admitted to traveling to Phoenix to pick up methamphetamine for her father; daily going into the trailer to care for her father; knowing methamphetamine was in the trailer; and sending individuals to the trailer to buy methamphetamine from her father. Cell

phone evidence from Olivier's phone confirmed her trip to Phoenix and showed text messages with various individuals discussing methamphetamine sales.

¶5        In January 2020, a grand jury indicted Olivier on one count of possession of dangerous drugs for sale and one count of possession of drug paraphernalia.  At trial, Olivier denied intent to sell methamphetamine with her father, cutting or parceling methamphetamine, or writing on the baggies containing methamphetamine.  Olivier testified the text messages referencing methamphetamine sales were not on her SIM card and were sent before she received the phone from her father's friend who was on parole and involved with methamphetamine.  Olivier also testified she did not know her friend was buying methamphetamine on the trip to Phoenix, and she claimed to only know methamphetamine was in her father's trailer because she moved it out of reach of the children the morning of the search.  Olivier testified she was innocent but stipulated she saw methamphetamine and methamphetamine paraphernalia in her father's trailer and the substances law enforcement seized were methamphetamine.

¶6        In July 2021, the jury convicted Olivier on both counts and found the presence of an accomplice to be an aggravating factor.  Olivier absconded before sentencing but was arrested five months later.[1]  In June 2022, the superior court conducted a sentencing hearing in compliance with Olivier's constitutional rights and Arizona Rule of Criminal Procedure ("Rule") 26.  The court found Olivier's prior conviction within the last ten years to be an aggravating factor and found her drug addiction, strong family support, completed counseling, and attempts to improve herself while in custody to be mitigating factors.  The court sentenced Olivier to a term of 7 years' imprisonment with a presentence incarceration credit of 231 days and imposed the applicable fines and fees.

---

[1]        Although Olivier delayed sentencing for more than ninety days by absconding, the record does not show the superior court informed her before trial that, pursuant to Arizona Revised Statutes ("A.R.S.") section 13-4033(C), her voluntary absence could result in forfeiture of her right to appeal from a judgment of conviction.  As such, we consider her appeal. *See State v. Bolding*, 227 Ariz. 82, 88, ¶ 20 (App. 2011) (waiver of right to appeal pursuant to § 13-4033(C) requires the defendant "has been informed he could forfeit the right to appeal" by absconding).

¶7        Olivier timely appealed, and we have jurisdiction pursuant to Arizona Constitution Article 6, Section 9, and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

I.    Sufficiency of the Evidence

¶8        We review the entire record for reversible error.  *See State v. Thompson*, 229 Ariz. 43, 45, ¶ 3 (App. 2012).  Prior counsel for Olivier, Nicole Countryman, has advised this Court that after a diligent search of the record, counsel has found no arguable question of law.[2]  However, in her *pro per* supplemental brief, Olivier argues the superior court erred in denying her Rule 20(a)(1) motion for acquittal because the State "failed to meet its evidentiary burden."  We review the superior court's denial of a Rule 20 motion de novo.  *State v. Boyston*, 231 Ariz. 539, 551, ¶ 59 (2013).

¶9        Before the verdict, a defendant may move for a judgment of acquittal under Rule 20(a)(1) "if there is no substantial evidence to support a conviction."  "Substantial evidence is more than a mere scintilla and is such proof that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *State v. Mathers*, 165 Ariz. 64, 67 (1990) (citation and internal quotation marks omitted).  "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *State v. West*, 226 Ariz. 559, 562, ¶ 16 (2011) (citations and internal quotation marks omitted).

¶10        On count 1, the statute required the State to show Olivier (1) knowingly possessed, (2) a dangerous drug (methamphetamine), (3) for purposes of sale.    *See* A.R.S. §§ 13-3407(A)(2), -3401(6)(c)(xxxviii). Possession includes constructive possession "when the prohibited property is found in a place under [the defendant's] dominion [or] control and under circumstances from which it can be reasonably inferred that the defendant had actual knowledge of the existence of the [property]."  *State v. Cox*, 214

---

[2]        Ms. Nicole Countryman was initially assigned as appellate counsel. After the superior court granted her motion to withdraw, the court appointed Sheri Lauritano.  We denied Ms. Lauritano's motion to extend the time to file an opening brief because Olivier had already filed a *pro per* supplemental brief.

Ariz. 518, 520, ¶ 10 (App. 2007) (citation and internal quotation marks omitted). For sale means "exchang[ing]" methamphetamine "for anything of value or advantage, present or prospective." A.R.S. § 13-3401(32).

¶11        The evidence at trial showed Olivier admitted to previously living in the searched trailer, entering the trailer daily to care for her father, knowing her father stored and sold methamphetamine in the trailer, and sending customers to her father to buy methamphetamine. She also stipulated that the located substances were methamphetamine and admitted to moving an ounce of methamphetamine across county lines for her father. The State also presented testimony from a law enforcement officer knowledgeable in drug sales that the quantity and packaging of the methamphetamine, as well as the baggies, safe, and scale, were indicative of possession for sale. *See* A.R.S. § 13-3407(A)(2). No evidence was presented showing the amount of methamphetamine was consistent with personal use, and not for the purpose of sale.

¶12        On count 2, the statute required the State to show Olivier used, or possessed with the intent to use, "drug paraphernalia to . . . pack, repack, store, contain, [or] conceal" methamphetamine. *See* A.R.S. § 13-3415(A). Drug paraphernalia includes "equipment, products and materials of any kind that are used, intended for use or designed for use" in the "packaging, repackaging, storing, containing, [or] concealing" a drug in violation of the law. A.R.S. § 13-3415(F)(2).

¶13        Olivier admitted giving her father the safe he used to store and conceal his methamphetamine and paraphernalia. Because she admitted entering the trailer daily, knowing her father sold methamphetamine from the trailer, and moving the methamphetamine out of children's reach the morning of the search, jurors could "reasonably infer[]" Olivier "had actual knowledge of the existence of the" baggies, scale, spoons, and other drug paraphernalia located in the trailer. *See Cox*, 214 Ariz. at 520, ¶ 10 (citation omitted). Substantial evidence supports both convictions, and the court properly denied Olivier's Rule 20(a)(1) motion for acquittal.

II.    Lesser-Included Jury Instruction

¶14        Olivier also argues that, although the superior court instructed the jury that it may find her guilty of possession of methamphetamine for sale (separately defining "sale") or the lesser-included offense of possession of methamphetamine, the court erred by listing only the elements of the former, but not the latter. Olivier claims this

failure to restate the elements of simple possession of methamphetamine was fundamental error requiring reversal.

¶15        "Fundamental error is error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial." *State v. Robles*, 213 Ariz. 268, 272, ¶ 12 (App. 2006) (citations and internal quotation marks omitted). "To prevail under this standard of review, a defendant must establish both that fundamental error exists and that the error in his case caused him prejudice." *Id.*

¶16        The jury instructions read, in pertinent part, as follows:

**Possession of Dangerous Drugs for Sale (Methamphetamine)**

In **COUNT 1**, the defendant is charged with <u>Possession of Dangerous Drugs for Sale (Methamphetamine)</u>, which crime requires proof of the following:

1. The defendant knowingly possessed a dangerous drug; ***and***

2. The substance was in fact a dangerous drug, ***and***

3. The possession must be for purpose of sale. "Sale" means an exchange for anything of value or advantage, present or prospective.

. . .

**Lesser Included Offense to Possession of Dangerous Drugs for Sale**

The crime of <u>Possession of Dangerous Drugs for Sale (Methamphetamine)</u> includes the lesser offense of <u>Possession of Dangerous Drugs (Methamphetamine)</u>. You may consider the lesser offense of <u>Possession of Dangerous Drugs (Methamphetamine)</u> if either:

1. You find the defendant not guilty of <u>Possession of Dangerous Drugs for Sale</u>, *or*

2. After full and careful consideration of the facts, you cannot agree on whether to find the defendant guilty or not guilty of <u>Possession of Dangerous Drugs for Sale</u>.

You cannot find the defendant guilty of <u>Possession of Dangerous Drugs (Methamphetamine)</u> unless you find that the State has proved each element of <u>Possession of Dangerous Drugs (Methamphetamine)</u> beyond a reasonable doubt.

¶17 Assuming *arguendo* that a lesser-included jury instruction on simple possession was necessary, the instruction on possession of methamphetamine for sale laid out the elements of possession of methamphetamine and separately defined the term "sale," such that members of the jury could easily differentiate between the elements of the crime for the greater and lesser offenses.

¶18 "In non-capital cases, when the defendant requests a lesser included offense instruction that is supported by the evidence, failure to give it constitutes fundamental error if the failure impedes the defendant's ability to present his defense." *State v. Valenzuela*, 194 Ariz. 404, 407, ¶ 15 (1999). At trial, Olivier did not request any version of the lesser-included offense instruction on possession of methamphetamine. In fact, defense counsel noted that "[t]his [was] a possession-for-sale case, not a possession case." Because Olivier did not request the lesser-included offense instruction, failed to object to the proposed version of the instruction, and even suggested it was altogether unnecessary, she cannot now argue that failure to provide a separate definition of the lesser-included offense was error. *See State v. Fish*, 222 Ariz. 109, 132, ¶ 79 (App. 2009) ("We will not reverse a judgment on a ground which is allegedly erroneous, even if the error was fundamental, when the appellant invited that error.").

¶19 Olivier also has not shown prejudice from the failure to give a complete definition of the lesser-included offense because the alleged failure did not present an impediment to Olivier presenting a complete defense. *See Valenzuela*, 194 Ariz. at 407, ¶ 15. At trial, although inconsistent with statements made to law enforcement, Olivier claimed she had no knowledge that her friend was traveling to Phoenix to pick up an ounce of methamphetamine or that her father sold methamphetamine from his trailer. Instead, she advanced the defense theory that she had no connection with the methamphetamine, never possessed the methamphetamine, and was unaware her father was selling methamphetamine. Olivier therefore foreclosed the necessity of the lesser-included offense instruction because there was no evidence, or even argument offered, to support a theory that Olivier may have possessed methamphetamine for personal use. As such, the lesser-included offense jury instruction was unwarranted in this case. Olivier has failed to show fundamental error. *See Robles*, 213 Ariz. at 272,

¶ 12 (citation omitted). The superior court did not err when it instructed the jury.

### III.    Prosecutorial Misconduct[3]

**¶20**        Olivier also alleges prosecutorial misconduct. For reversal, a defendant must show a prosecutor's alleged misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process" and was "so pronounced and persistent that it permeate[d] the entire atmosphere of the trial." *State v. Hughes*, 193 Ariz. 72, 79, ¶ 26 (1998) (citations and internal quotation marks omitted).

**¶21**        Olivier argues "no evidence was presented to the jury from which one could reasonably infer that Olivier sent the text messages" discussing methamphetamine sales. Although Olivier argued at trial that the text messages were not from her SIM card and she therefore did not send them, the State presented evidence that Olivier admitted to law enforcement during the search that she sent the text messages discussing methamphetamine sales to various individuals and sent those individuals to her father to buy methamphetamine.

**¶22**        Olivier also claims, "no evidence was presented that any substance not tested was methamphetamine," but Olivier stipulated "the substances seized by law enforcement in this case were . . . sent to the Department of Public Safety crime lab for testing . . . [and] *are in fact methamphetamine*." (Emphasis added.)

**¶23**        Olivier last alleges the State "blatantly misstate[d]" her testimony and claims that although she now knows her father was selling methamphetamine, she was unaware when speaking to law enforcement. While law enforcement executed the search warrant on her father's trailer, Olivier admitted she knew her father was selling methamphetamine from his trailer. And she admitted to moving an ounce of methamphetamine

---

[3]      As our supreme court has explained, the term "prosecutorial misconduct" broadly encompasses any conduct that violates a defendant's constitutional rights and "sweeps in prosecutorial conduct ranging from inadvertent error or innocent mistake to intentional misconduct." *State v. Murray*, 250 Ariz. 543, 548, ¶ 12 (2021) (quoting *In re Martinez*, 248 Ariz. 458, 469, ¶ 45 (2020)). Consistent with the court's directive in *Martinez*, we refer to prosecutorial "error" because Olivier has not expressly alleged intentional misconduct or an ethical violation on the prosecutor's part. *See Martinez*, 248 Ariz. at 470, ¶ 47.

across county lines for him, sending people to him to buy methamphetamine, and providing him with a safe to store his methamphetamine and paraphernalia. Olivier has not shown misconduct. *See id.*

## CONCLUSION

**¶24** We have read and considered counsel's brief, Olivier's supplemental brief, and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Olivier at all stages of the proceedings, and the sentences imposed were within the statutory guidelines. We decline to order briefing and affirm Olivier's convictions and sentences.

**¶25** Upon the filing of this decision, defense counsel shall inform Olivier of the status of the appeal and of her future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Olivier shall have thirty days from the date of this decision to proceed, if she desires, with a *pro per* motion for reconsideration or petition for review.

**¶26** We affirm.



AMY M. WOOD • Clerk of the Court
FILED:     AA