NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA ex rel.,
DENNIS M. MCGRANE, Yavapai
County Attorney, *Petitioner,*

*v.*

BRANDON FREELAND EVANS, *Respondent.*

No. 1 CA-SA 25-0381

FILED 06-12-2026

Petition for Special Action from the Superior Court in Yavapai County
No. S1300CR202380057
The Honorable Debra R. Phelan, Judge

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Camp Verde
By Lindsay Smith
*Counsel for Petitioner*

The Zickerman Law Office, PLLC, Flagstaff
By Adam Zickerman
*Counsel for Respondent*

---

**MEMORANDUM DECISION**

Presiding Judge David B. Gass delivered the decision of the court, in which Judge Michael J. Brown and Judge Michael S. Catlett joined.

---

**G A S S**, Judge:

¶1  The State asks the court to accept special action jurisdiction and rule the superior court should have found the State proved by clear and convincing evidence Evans had 4 historical prior convictions for sentencing purposes. The superior court found the State proved just 1: a 2017 Maricopa County conviction. The State seeks review of the superior court's findings on 3 others: (1) a 2015 Maricopa County conviction, (2) a 2021 Yavapai County conviction, and (3) a 2014 Coconino County conviction. Evans agrees the issue is appropriate for special action jurisdiction but argues the court should deny relief.

¶2  Because the State proved by clear and convincing evidence the 3 disputed convictions, the court accepts special action jurisdiction and grants relief as to those 3.

## FACTUAL AND PROCEDURAL HISTORY

¶3  The State attempted to prove Evans had 6 historical and 4 non-historical prior felony convictions. The State offered certified copies of documents related to the convictions and a certified copy of the Arizona Department of Corrections, Rehabilitation and Reentry Automated Summary Report (commonly known as a pen pack). The superior court found the State's evidence lacking on 9 of the convictions. As a result, the superior court released the jurors without having them consider whether Evans committed any of the prior offenses on multiple occasions.

I.  **The superior court found the State proved the 2017 Maricopa County conviction by clear and convincing evidence, but not the other 3.**

  **A. The 2017 Maricopa County conviction.**

¶4  For the 2017 Maricopa County conviction, the State provided the superior court with certified copies of Evans's right to appeal, presentence report, sentencing order, plea agreement minute entry, and the

plea agreement for taking the identity of another. Though Evans avowed to having 4 prior felony convictions in that plea agreement, it did not list them. The documentation supporting this prior conviction thus did not link Evans to any other prior convictions. The conviction appeared on the second page of Evans's pen pack, which showed the same offense, offense date, and sentence date. As to that conviction, the superior court said:

> Maricopa County Superior Court, CR2017-002443-001: this is in the "Pen Pack," State's Exhibit 6 as alleged. Because that can be linked to Defendant through State's 6, the Court found this prior proven.

### B. The 2015 Maricopa County conviction.

¶5　　　　For the 2015 Maricopa County conviction, the State provided the superior court with certified copies of Evans's sentencing order, plea agreement minute entry, confinement order, and the plea agreement for possession or use of narcotic drugs violation and for possession or use of drug paraphernalia. Though the plea was to a non-repetitive offense, the plea agreement lists 1 prior conviction from January 13, 2000. The documentation supporting this prior conviction thus did not link Evans to any other prior convictions at issue in this special action.

¶6　　　　As to the 2015 Maricopa County conviction, the superior court said:

> Maricopa County Superior Court, Cause No. CR2015-137578: this is not in the "Pen Pack," State's Exhibit 6. While it is captured in State's Exhibit 2, without fingerprint analysis comparison, the Court cannot connect this prior to Defendant. The Court therefore cannot find this prior proven by clear and convincing evidence.

¶7　　　　Contrary to that finding, the pen pack shows the 2015 Maricopa County conviction just above the 2017 Maricopa County conviction. The pen pack further shows the same offense, offense date, and sentence date on the documentation. Notably, the State did not contradict the superior court's finding that the 2015 prior conviction did not appear in Evans's pen pack. The State also did not point out that fact in its petition for special action or its reply.

### C. The 2021 Yavapai County conviction.

¶8        For the 2021 Yavapai County conviction, the State provided the superior court with certified copies of Evans's probation review suspending the imposition of sentence and imposing a term of probation, the plea agreement for burglary in the third degree, a probation violation minute entry, and a minute entry continuing sentencing. The plea was to a non-repetitive offense. As discussed below, the plea agreement lists prior convictions linking Evans to other alleged prior convictions at issue in this special action.

¶9        As to the 2021 Yavapai County conviction, the superior court said:

> Yavapai County Superior Court, Cause No. P1300CR202100751: this is not in the "Pen Pack," State's Exhibit 6. While it is captured in State's Exhibits 10, and 11, without fingerprint analysis comparison, the Court cannot connect this prior to Defendant. The Court therefore cannot find this prior proven by clear and convincing evidence.

¶10       Contrary to that finding, the plea agreement lists the 2017 Maricopa County conviction, which the superior court found the State proved by clear and convincing evidence because it appeared in the pen pack. It also lists the 2015 Maricopa County conviction, which as noted above also appeared in the pen pack. That said, the plea agreement reversed the offense date and the sentence date for the 2015 Maricopa County conviction, but the information otherwise was correct including the case number in the pen pack. The plea agreement also listed the 2014 Coconino County conviction. The documentation supporting this prior conviction thus did link Evans to 3 prior convictions, 2 of which appeared in the pen pack.

**D.  The 2014 Coconino County conviction.**

¶11       For the 2014 Coconino County conviction, the State provided the superior court with certified copies of Evans's change of plea and sentencing order suspending the imposition of sentence and imposing a term of probation, the plea agreement for possession of drug paraphernalia, a termination of probation minute entry, and the information. The plea was to a non-repetitive offense so it lists no prior convictions.

¶12       As to the 2014 Coconino County conviction, the superior court said:

4

Coconino County Superior Court, Cause No. CR201400458: this is not in the "Pen Pack," State's Exhibit 6. While it is captured in State's Exhibit 1, without fingerprint analysis comparison, the Court cannot connect this prior to Defendant. The Court therefore cannot find this prior proven by clear and convincing evidence.

¶13 Contrary to that finding, the plea agreement for the 2021 Yavapai County conviction lists it. The documentation supporting this prior conviction thus linked Evans to 3 prior convictions, 2 of which appeared in the pen pack and 1 that listed it in the plea agreement.

## DISCUSSION

I. **The court could, but exercises its discretion and does not, decline jurisdiction based on the State's failure to comply with the Rules of Procedure for Special Actions.**

¶14 Rule 11, Rules of Procedure for Special Action, says: "To the extent they are consistent with these rules . . . the Arizona Rules of Civil Appellate Procedure . . . apply to appellate special actions in the Court of Appeals or the Supreme Court." Ariz. R.P. Spec. Act. 11(a)(1). Rule 13(a)(5), Arizona Rules of Civil Appellate Procedure, requires the State's petition include "[a] 'statement of facts' that are relevant to the issues presented for review, **with appropriate references to the record**." (Emphasis added). And as the petitioner, the State "must file an appendix that includes a copy of the decision being challenged and copies of all documents from the [superior] court's record the reviewing court will need to decide the issues the petition raises." Ariz. R.P. Spec. Act 14(e)(1). In addition, "[a]ny references to the record appearing in the petition must be supported by a document in the appendix, and the document's location in the appendix must be identified by page number." *Id.*

¶15 Here, the State never once referenced the more than 300 pages of appendices attached to its petition beyond listing them in its table of contents. And the appendices did not include the exhibits the superior court admitted during the priors hearing. Instead, the State included Appendix D (126 pages of trial transcripts) and Appendix F (a 172-page stack of papers the State called "Certified Records of Conviction" in its Table of Contents). Even so, the court did its best to decipher what exhibits were introduced to support the alleged prior convictions.

¶16 The court nonetheless accepts special action jurisdiction because the State's right to appeal depends on whether Evans appeals his

convictions or sentences. "The right of appeal in criminal cases is not known to the common law and exists, if at all, by virtue of some constitutional or statutory provision." *State v. Moore*, 48 Ariz. 16, 18 (1936). Section 13-4032 enumerates the exclusive statutory grounds on which the State may appeal in criminal cases. "[I]n the absence of a constitutional provision or statute conferring the state's right to appeal, an appellate court has no subject matter jurisdiction to consider that appeal." *State v. Santillanes*, 256 Ariz. 534, 540 ¶ 23 (2024) (quoting *State v. Dawson*, 164 Ariz. 278, 280 (1990)).

**II.     Though the superior court found the State proved just 1 prior conviction by clear and convincing evidence, it should have found the State proved 4.**

**¶17**          Whether "a prior conviction constitutes [a] historical prior felony conviction for purposes of sentence enhancement involves a mixed question of law and fact," which the court reviews *de novo*. *State v. Derello*, 199 Ariz. 435, 437 ¶ 8 (App. 2001).

**¶18**          The issue arises under recent developments in the law. *See Erlinger v. United States*, 602 U.S. 821 (2024); *State v. Porter*, 258 Ariz. 590 (App. 2024) (depublished in part). Under *Erlinger* and *Porter*, the superior court first decides whether the State proved any prior offenses by clear and convincing evidence, then the jury determines whether the State proved beyond a reasonable doubt any prior offenses occurred on multiple occasions. *See State v. Blackwell*, 1 CA-SA 25-0316, 2026 WL 1408878, at *4 ¶ 21 (App. May 20, 2026) (citing *Erlinger*, 602 U.S. at 840). If the superior court does not find the State proved at least 2 prior offenses, then there is nothing for the jury to consider. Because of the superior court's ruling here, the jury did not consider whether the prior convictions occurred on multiple occasions.

**¶19**          The State proves a prior conviction through "extrinsic evidence, [which is] usually in the form of a certified copy of a judgment of conviction. . . . Certified copies of a judgment of conviction, however, are not always required." *State v. Nash*, 143 Ariz. 392, 403 (1985) (citation omitted). Though the State may rely on certified copies of convictions and Arizona Department of Corrections, Rehabilitation, and Reentry records showing Evans's prior convictions, the State must show the link between those documents and Evans. *State v. Robles*, 213 Ariz. 268, 273 ¶ 17 (App. 2006). That evidence may be in the form of testimony of the link, but nothing in *Robles* suggests the superior court must accept testimony as sufficient to meet the clear and convincing evidence standard. *Id.* (ruling the superior court did not abuse its discretion when it accepted testimony

linking the defendant to the certified documents). At bottom, the State must produce sufficient evidence to establish the prior conviction and the connection between the prior conviction and the defendant. *Id.*

**¶20**      As discussed above, the superior court found the pen pack showed only 1 of the 4 prior convictions. It in fact showed 2—the 2017 and 2015 convictions. Those 2 convictions and the 2014 Coconino County conviction appear in the plea agreement for the 2021 Yavapai County conviction. True, the State failed to draw the connections for the superior court and for the court. But on special action review, the court engages in a *de novo* review. Because the certified copies of the 4 convictions, the pen pack evidence showing 2 of the 4, and the plea agreement linking all 4, the State met its clear and convincing burden as to all 4.

**¶21**      The State invites the court to go further and espouse a broad rule of law about the evidence necessary to meet its burden. The court declines that invitation because it can resolve the issues based on the facts. And as much as the State seeks a broader statement of the law, it was because the State gave the superior court inadequate information to assess its evidence in the heat of trial, resulting in unnecessary delay and the need to empanel a new jury to decide whether the State can prove beyond a reasonable doubt the prior offenses occurred on multiple occasions. In the future, the State would do well to guide the superior court (and any appellate court) through its evidence, rather than wait for an appellate court to sift through the evidence *de novo*. *Ramirez v. Health Partners of S. Ariz.*, 193 Ariz. 325, 326 ¶ 2 n.2 (App. 1998) ("Judges are not like pigs, hunting for truffles buried in [the record].") (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Other appellate panels may not be so accommodating.

## CONCLUSION

**¶22**      The court accepts special action review, reverses the superior court's findings on the 2015 Maricopa County conviction, the 2021 Yavapai County conviction, and the 2014 Coconino County conviction. The court lifts the stay so the Yavapai County superior court can proceed consistent with this decision.